**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| CHRISTINE CROSSLEY and | : |
| KRISTOPHER CROSSLEY, h/w | : |
| | :    No. |
| v. | : |
| | : |
| MAPFRE INSURANCE COMPANY | : |

_____

<u>**NOTICE OF REMOVAL**</u>

Defendant, MAPFRE Insurance Company ("MAPFRE"), by and through its undersigned counsel, hereby files a Notice of Removal of the above action from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, avers as follows:

1.  Plaintiffs, Christine and Kristopher Crossley, h/w ("Plaintiffs"), commenced this action to recover underinsured motorist benefits under a policy of insurance issued by MAPFRE.

2.  Plaintiff commenced this action by filing a Complaint in the Montgomery County Court of Common Pleas on or about May 18, 2020, docketed at Case No. 2020-06228. Plaintiff's Complaint was forwarded to MAPFRE via certified mail, return receipt requested on May 20, 2020. (_See_ Ex. A: Complaint).

3.  Plaintiff's action is civil in nature and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4.  MAPFRE avers that diversity of citizenship exists between the parties in this action on the following grounds:

    a. Plaintiffs, at all times relevant hereto, have been residents and citizens of the Commonwealth of Pennsylvania. (_See_ Ex. A: Complaint).

    b. Defendant, MAPFRE, is a Massachusetts corporation with its principal place of

business at 11 Gore Road, Webster, MA 01570.

5.  Based on the above, this action is removable from state court to the United States

District Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

6.  Copies of all process and pleadings that have been received by MAPFRE are

being filed herewith.

7.  This notice is timely, it being filed within thirty (30) days of MAPFRE's receipt

of Plaintiff's Complaint.

WHEREFORE, notice is hereby given that this action is removed from the Court of

Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the

Eastern District of Pennsylvania.

Respectfully submitted,

Date: June 10, 2020                    By: */s/ James W. Layne*
                                       DAVIS, PARRY & TYLER, P.C.
                                       James W. Layne, Esquire
                                       Pa. Bar ID # 94562
                                       1525 Locust Street, 14th Floor
                                       Philadelphia, PA 19102
                                       Phone: 215-732-3755
                                       Fax: 215-732-0124
                                       Email: jlayne@dpt-law.com
                                       *Attorney for Defendant, MAPFRE*
                                       *Insurance Company*

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

CHRISTINE CROSSLEY and          :
KRISTOPHER CROSSLEY, h/w     :
                                 :   No.
          v.                :
                                 :
MAPFRE INSURANCE COMPANY    :

---

## CERTIFICATION

      James W. Layne, Esquire, hereby states that he is the attorney for Defendant, MAPFRE Insurance Company in the above action, that he has the authority to make this Certification on its behalf, that he has read the foregoing Notice of Removal and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief.


Date: June 10, 2020                     By: */s/ James W. Layne*

                                          DAVIS, PARRY & TYLER, P.C.
                                          James W. Layne, Esquire
                                          Pa. Bar ID # 94562
                                          1525 Locust Street, 14th Floor
                                          Philadelphia, PA 19102
                                          Phone: 215-732-3755
                                          Fax: 215-732-0124
                                          Email: jlayne@dpt-law.com
                                        *Attorney for Defendant, MAPFRE Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am this day serving a copy of the attached documents on the

parties listed below by regular, first class mail, which service satisfies the requirements of all

applicable rules of civil procedure.

Timothy F. Rayne, Esquire
MacElree Harvey, Ltd.
211 East State Street
Kennett Square, PA 19348
Email: trayne@macelree.com
*Attorneys for Plaintiffs*

Respectfully submitted,

Date: June 10, 2020                    By: */s/ James W. Layne*
                                       DAVIS, PARRY & TYLER, P.C.
                                       James W. Layne, Esquire
                                       Pa. Bar ID # 94562
                                       1525 Locust Street, 14th Floor
                                       Philadelphia, PA 19102
                                       Phone: 215-732-3755
                                       Fax: 215-732-0124
                                       Email: jlayne@dpt-law.com
                                       *Attorney for Defendant, MAPFRE*
                                       *Insurance Company*

# EXHIBIT "A"

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CHRISTINE CROSSLEY

vs.

MAPFRE INSURANCE COMPANY

NO.  2020-06228

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CHRISTINE CROSSLEY

vs.

MAPFRE INSURANCE COMPANY

NO.  2020-06228

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document underlining commencing an action in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  TIMOTHY F RAYNE, Esq., ID: 75589

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No     **Money Damages Requested**  ☒

**Commencement of Action:**     **Amount in Controversy:**

Complaint     More than $50,000

## Case Type and Code

Contract:

Other

**Other:**   BAD FAITH

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

TIMOTHY F. RAYNE, ESQUIRE      ATTORNEY FOR PLAINTIFFS
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
211 East State Street
Kennett Square, PA  19348
P| 610-840-0124
F| 610-444-3270
E| trayne@macelree.com

---

| | |
|---|---|
| CHRISTINE CROSSLEY AND<br>KRISTOPHER CROSSLEY, H/W<br>   45 Hickory Lane<br>   Chalfont, PA 18914 | IN THE COURT OF COMMON PLEAS<br><br>MONTGOMERY COUNTY, PENNSYLVANIA |
|      Plaintiffs | |
| v. | NO. |
| MAPFRE INSURANCE COMPANY<br>  11 Gore Road<br>  Webster, MA 01570 | |
| | JURY TRIAL DEMANDED |
|      Defendant | JURY OF TWELVE REQUESTED |

---

## **COMPLAINT**

    1.    Plaintiff, Christine Crossley ("Mrs. Crossley"), is an adult individual who resides at 45 Hickory Lane, Chalfont, Pennsylvania 18914.

    2.    Plaintiff, Kristopher Crossley (Mr. Crossley), is an adult individual who resides at 45 Hickory Lane, Chalfont, Pennsylvania 18914.

    3.    At all relevant times, Mrs. and Mr. Crossley were married.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4. Defendant MAPFRE Insurance Company (hereinafter referred to as "MAPFRE"), is a Massachusetts corporation with a business address located at 11 Gore Road, Webster, MA 01570.

5. On or about December 18, 2017, at approximately 6:00 p.m., Mrs. Crossley was driving a 2006 Jeep Grand Cherokee southbound on Route 309 in Montgomeryville, Pennsylvania.

6. As Mrs. Crossley traveled on Route 309 toward North Wales Road, traffic in front of her slowed and came to a stop, and she came to stop and was the last car in the line of stopped traffic.

7. At the same time at the same place, Ramon Ortiz was driving a 2006 Honda Civic and was traveling southbound on Route 309 in the same lane as Mrs. Crossley approaching North Wales Road.

8. As he approached the traffic and stopped cars in his lane of travel, Mr. Ortiz was distracted and driving too fast for the conditions, and he failed to stop and crashed into the rear of Mrs. Crossley's vehicle.

9. Under Pennsylvania law, Mr. Ortiz had a duty to drive his vehicle in a prudent and careful manner, to give full time and attention to road, and to obey the rules of the road contained in the Pennsylvania Motor Vehicle Code.

10. The collision described above was factually caused by the carelessness and/or negligence of Mr. Ortiz as follows:

a. Driving his vehicle at a speed too fast for the conditions of the roadway;

2

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

   b. Driving his vehicle at an excessive rate of speed and/or in excess of the applicable speed limit;

   c. Driving carelessly;

   d. Driving while distracted and not paying attention to the roadway and traffic;

   e. Failing to have his vehicle under proper control so as to prevent it from striking Mrs. Crossley's vehicle;

   f. Failing to keep a proper lookout;

   g. Failing to take evasive action to avoid impacting Mrs. Crossley's vehicle; and

   h. Failing to apply his brakes in sufficient time so as to avoid striking Mrs. Crossley's vehicle.

  11. The force of the impact caused Mrs. Crossley's neck to jerk forward causing her forehead to hit the steering wheel and then it jerked backward into the headrest.

  12. As a factual cause of the collision, Mrs. Crossley sustained the following injuries, some or all of which may be permanent in nature: sprain of the ligaments of the cervical spine, herniated cervical disc, radiculopathy of the cervical region, non-displaced partial detachment of the posterior labrum of the right shoulder, mild subscapular tendinopathy of the right shoulder, scarring and edema of the right rotator interval, lumbar sprain, and head pain.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13.    As a factual cause of the collision, Mrs. Crossley has been obliged, and may in the future be obliged, to spend various sums of money for medical treatment and medicines necessitated by the above injuries.

14.    As a factual cause of the collision, Mrs. Crossley has sustained lost earnings and loss of earning capacity.

15.    As of the date of the filing of this Complaint, Mrs. Crossley's lost earnings resulting from the collision are in excess of $23,000.00.

16.    As a factual cause of the collision, Mrs. Crossley has suffered an interruption of her daily habits and pursuits.

17.    As a factual cause of the collision, Mrs. Crossley has suffered, and will continue to suffer, great bodily pain and suffering, as well as mental anxiety.

18.    As a factual cause of the collision, Mrs. Crossley has sustained a loss of the pleasures of life.

19.    As a factual cause of the collision, Mrs. Crossley has suffered embarrassment and humiliation.

20.    At the time of the collision, Mr. Ortiz was insured by Nationwide Insurance Company ("Nationwide") with bodily injury liability protection limits in the amount of $15,000.00.

21.    Nationwide tendered its full policy limits of $15,000.00 to resolve Plaintiffs' claims against Mr. Ortiz.

22.    Mr. Ortiz's bodily injury policy limits of $15,000.00 were not adequate to fully compensate Plaintiffs for the injuries and damages caused by the collision.

4

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.     Plaintiffs' damages are in excess of the $15,000.00 policy limits of Mr. Ortiz's Nationwide policy.

24.     The 2006 Jeep Grand Cherokee driven by Mrs. Crossley involved in the collision was insured by MAPFRE.  A true and correct copy of the Declarations and policy of insurance which covered the 2006 Jeep Grand Cherokee at the time of the collision (hereinafter "the MAPFRE Policy") is attached hereto and incorporated herein as Exhibit "A."

25.     The MAPFRE Policy is a legally binding insurance contract between MAPFRE and Plaintiffs.

26.     On the date of the collision, the MAPFRE Policy provided $100,000.00 of Underinsured Motorist Coverage.

27.     On the date of the collision, the MAPFRE Policy contained the Full Tort option.

28.     The MAPFRE Policy contains the following provisions:

INSURING AGREEMENT – UNDERINSURED MOTORIST COVERAGE

A.     If you pay the premium for this coverage, we will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1.  Sustained by an "insured"; and

    2.  Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

* * *

B.     "Insured" as used in this endorsement means:

    1.  You or any "family member".

5

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

* * *

C.     "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

29.     By letter dated June 19, 2019 counsel for Plaintiffs made a written Demand for $100,000.00 to settle their Underinsurance claim against MAPFRE. The Demand Letter contained an analysis of the harms and losses sustained by Plaintiffs and attached extensive documentation including the Police Report, the medical records and bills incurred by Mrs. Crossley as a result of the collision, a Medical Treatment Summary summarizing Mrs. Crossley's medical treatment after the collision, and documentation of loss earnings. A true and correct copy of the Demand letter without attachments is attached hereto, incorporated herein, and marked as Exhibit "B."

30.     The fair value of the Crossleys' bodily injury claims arising out of the accident exceeds $115,000.00, such that the $100,000.00 Underinsured policy limits should have been promptly tendered after MAPFRE's receipt of the June 19, 2019 Demand package.

31.     By letter dated July 17, 2019 MAPFRE's Claim Specialist, Angela Lizewski, responded to the June 19, 2019 Demand package not with an offer, but with questions with regard to medical treatment, medical bills, lost income and vehicle damage. A true and correct copy of the July 17, 2019 correspondence from Ms. Lizewski is attached hereto, incorporated herein as Exhibit "C."

32.     By letter dated August 1, 2019, Plaintiffs' counsel wrote in response to Ms. Lizewski's July 17, 2019 letter and provided answers to her questions with regard to medical treatment and medical bills. Plaintiffs' counsel also provided documentation

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

concerning Mrs. Crossley's lost time from work.  Finally, Plaintiffs' counsel indicated that he was in the process of attempting to find the property damage information that was requested.  A true and correct copy of the August 1, 2019 letter is attached hereto, incorporated herein and marked as Exhibit "D."

33.      By letter dated August 19, 2019, Plaintiffs' counsel provided Ms. Lizewski with photographs of Christine Crossley's vehicle as well as the property damage appraisal from Nationwide.  A true and correct copy of the August 19, 2019 correspondence is attached hereto, incorporated herein and marked as Exhibit "E."

34.      By letter dated August 26, 2019, Ms. Lizewski informed Plaintiff's counsel "your claim status is as follows:  We are reviewing your clients medical records and once the review is complete we will be in contact with you regarding settlement."  MAPFRE made no offer of settlement.  A true and correct copy of the August 26, 2019 correspondence is attached hereto, incorporated herein and marked as Exhibit "F."

35.      Plaintiffs' counsel sent a letter dated September 19, 2019 to Ms. Lizewski requesting that she respond to the Policy Limits Demand at her earliest convenience.  A true and correct copy is attached here, incorporated herein and marked as Exhibit "G."

36.      By letter dated September 25, 2019 Ms. Lizewski provided a claim status update to Plaintiffs' counsel that was identical to her update of August 26, 2019.  MAPFRE made no offer of settlement.

37.      By letter dated October 30, 2019 from Plaintiffs' counsel to Ms. Lizewski, Counsel provided additional information in order to assist with its review of the Policy Limits Demand.  Plaintiffs' counsel informed the adjuster that Mrs. Crossley was scheduled for a follow-up appointment and remained symptomatic.  Plaintiffs' counsel

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

stated "We reiterate our Policy Limits Demand and strongly believe that good faith requires immediate tender." A true and correct copy of the October 30, 2019 correspondence is attached hereto, incorporated herein and marked as "Exhibit H."

38.     Between October 30, 2019 and February 11, 2020, MAPFRE made no offer of settlement.

39.     By letter dated February 11, 2020 from Plaintiffs' counsel to Ms. Lizewski, Counsel updated MAPFRE on Mrs. Crossley's medical condition and the negative impact that the accident and injuries continued to have on both her life and the life of her husband. At the close of the letter, Plaintiffs' counsel stated as follows:

> "In our view, Policy Limits should have been tendered long ago. The responsible driver had just a $15,000 policy with Nationwide and Christine had lost earnings of over $23,000. In addition, Christine has a neck injury with cervical radiculopathy which has become a chronic and permanent injury.
>
> At this time, we demand a Policy Limits tender be made within 2 weeks or we will recommend that Kristopher and Christine file suit without further notice."

A true and correct copy of the February 11, 2020 correspondence is attached hereto, incorporated herein and marked as "Exhibit I."

40.     On or about February 28, 2020, Ms. Lizewski telephoned Plaintiffs' counsel and made an oral settlement offer of $7,500.00.

41.     By letter dated March 5, 2020 from Plaintiffs' counsel to Ms. Lizewski, Counsel confirmed the oral settlement offer of $7,500.00 and stated the following:

> "I write to confirm that on or about February 28, 2020, you made an oral settlement offer to me of $7,500. We had demanded Policy Limits and provided a comprehensive Demand package on June 19, 2019, and your $7,500 offer on February 28, 2020 was the first offer ever made in the case.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00; The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

> When combined with Nationwide Policy Limits of $15,000, your offer amounts to a total valuation of $22,500, which is less than Christine's lost earnings alone, which exceeded over $23,000.
>
> We consider the actions of MAPFRE in unreasonably delaying its review of this matter and making a shockingly low settlement offer to be in bad faith, and we intend to move forward with both Breach of Contract and Bad Faith claims in the near future.
>
> Our offer to settle for Underinsured Policy Limits of $100,000 is hereby withdrawn."

A true and correct copy of the March 5, 2020 correspondence is attached hereto, incorporated herein and marked as "Exhibit J."

42.     As of the date of the filing of this Complaint, MAPFRE has not made any written settlement offers to Plaintiffs regarding their Underinsurance claim and has had no further communication with Plaintiffs' counsel.

43.     Pursuant to 31 Pa. Code § 146.6, MAPFRE was required to complete its investigation of Plaintiffs' "claim within thirty (30) days after notification of the claim, unless the investigation cannot reasonably be completed within the time." In the event MAPFRE could not complete its investigation within 30 days, MAPFRE was required to "provide [Plaintiff] with a reasonable written explanation for the delay and state when a decision on the claim may be expected." *Id.*

## COUNT I – BREACH OF CONTRACT

44.     The allegations of paragraphs 1 through 43 are incorporated herein by reference as though set forth at length.

45.     The Crossleys have fully complied with all of the terms, conditions and duties required of her under the MAPFRE Policy.

9

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

46.    MAPFRE owed the Crossleys a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Underinsured motorist claim in good faith and to arrive at a prompt, fair, and equitable settlement of the claim.

47.    MAPFRE failed to reasonably investigate the Crossleys' Underinsured claim.

48.    MAPFRE failed to promptly offer payment of the fair and reasonable value of the Crossleys' Underinsured claim.

49.    MAPFRE has violated its obligations under the MAPFRE Policy and has breached the contract.

50.    As a factual cause of the breach of contract, MAPFRE has deprived the Crossleys of the fair value of the Underinsured motorist claim, which is the $100,000.00 policy limit, and has forced them to engage in litigation in order to enforce their contractual rights.

WHEREFORE, Plaintiffs, Christine Crossley and Kristopher Crossley, demand judgment in their favor and against Defendant, MAPFRE Insurance Company, in an amount in excess of $50,000.00, plus interest, costs and delay damages.

## COUNT II – BAD FAITH

51.    The allegations of paragraphs 1 through 50 are incorporated herein by reference as though set forth at length.

52.    The Crossleys are the named insureds under the MAPFRE Policy.

53.    There is implied in every contract a covenant of good faith and fair dealing.

10

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

54.   The MAPFRE Policy is a valid contract and existing insurance agreement entered into by Plaintiffs and MAPFRE.

55.   Pursuant to 42 Pa.C.S.A. § 8371:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured, the court may make all of the following actions:
>
> (1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)   Award punitive damages against the insurer.
>
> (3)   Assess court costs and attorney fees against the insurer.

56.   To establish a Bad Faith claim under Pennsylvania law, the insured must show by clear and convincing evidence that:

> (1)   the insurer did not have a reasonable basis for denying benefits under the policy; and
>
> (2)   that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the insured's claim.

57.   MAPFRE owed Plaintiffs a duty to act in good faith, which included, without limitation, the obligation to act with reasonable promptness in evaluating and responding to Plaintiffs' claims and with reasonable fairness.

58.   MAPFRE was under a contractual and legal obligation to make a good faith effort to pay damages up to its limits of UIM coverage and without reasonable delay.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

59.     In violation of 31 Pa. Code §146.6, MAPFRE failed to complete its investigation of Plaintiffs' claim within thirty (30) days and failed to provide Plaintiffs with a written explanation for the delay and timeframe as to when the decision on the claim could be expected.

60.     On February 28, 2020, more than eight (8) months after Plaintiffs' demand, MAPFRE responded to Plaintiffs' demand with a verbal offer of $7,500.00.

61.     MAPFRE's verbal offer of $7,500.00, when combined with the $15,000.00 paid by Nationwide in tendering Mr. Ortiz's bodily injury policy limits, is less than the amount of lost wages incurred by Mrs. Crossley as a result of the collision.

62.     Because the Crossleys are covered by a Full Tort policy, in addition to economic damages, they are entitled to be compensated for non-economic damages consisting of pain and suffering, loss of life's pleasures, embarrassment and humiliation, scarring and disfigurement and loss of consortium.

63.     MAPFRE's verbal settlement offer of $7,500.00 which was made more than eight (8) months after Plaintiffs' Demand was made in bad faith.

64.     MAPFRE refused to make adequate payment to Plaintiffs as was required by the MAPFRE Policy.

65.     MAPFRE's refusal to make adequate payment to Plaintiffs was made without a reasonable basis in fact or law.

66.     MAPFRE acted in bad faith and for the purpose of denying the benefits of contract for Underinsured motorist coverage to Plaintiffs when it refused to make adequate payment to Plaintiffs.

12

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

67.     MAPFRE has acted in bad faith and without reasonable justification by failing to respond to Plaintiffs' Demand within a reasonable amount of time after Plaintiffs' Demand was made.

68.     In view of the foregoing, Defendant acted in bad faith as follows:

a.     failing to properly investigate Plaintiffs' claim;

b.     failing to properly consider evidence supplied by Plaintiffs in support of their claim;

c.     causing Plaintiffs to suffer undue hardship as a result of reckless, wanton and arbitrary claims-handling practices;

d.     intentionally undervaluing Plaintiffs' claims;

e.     willfully neglecting to consider or process evidence in an effort to save from paying Plaintiff the benefits to which she was legally entitled;

f.     adopting a company practice of intentionally undervaluing UIM claims and delaying paying said claims for an unreasonable period of time;

g.     delaying and refusing to pay Plaintiffs' claim despite having no reasonable or legal basis not to;

h.     forcing Plaintiffs to file suit to recover benefits owing to them;

i.     failing to make reasonable and fair offers of settlement of Plaintiffs' claim;

j.     making offers of settlement that were unfair and unreasonable in light of the injuries and losses sustained by Plaintiffs as a result of this incident;

13

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

       k.     making a settlement offer that when combined with the policy limits tendered by third-party carrier is less than the amount of economic damages sustained by Plaintiff;

       l.     breaching the covenant of good faith and fair dealing;

       m.     failing to pay all sums of money owed to Plaintiffs;

       n.     causing Plaintiffs unnecessary and undue hardship;

       o.     violating various statutes and regulations of the Commonwealth of Pennsylvania pertaining to insurance companies and claims handling;

       p.     failing to provide an explanation grounded in fact for refusing to tender the UIM policy limits of the MAPFRE Policy;

       q.     failing to provide an explanation grounded in fact for making an unreasonably low settlement offer; and

       r.     failing to timely evaluate and fairly settle Plaintiffs' claims.

69.    Pursuant to 42 Pa. C.S.A. §8371, Plaintiffs are entitled to damages, including interest on the $100,000.00 of Underinsured benefits due from June 19, 2019, the date the claim was made, in an amount equal to the prime rate of interest plus 3 percent, punitive damages, court costs and attorney fees.

70.    MAPFRE's actions have been in reckless disregard of Plaintiffs' rights and have been willful, wanton and outrageous.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, Plaintiffs, Christine Crossley and Kristopher Crossley, demand judgment in their favor and against Defendant, MAPFRE Insurance Company, in an amount in excess of $50,000.00, plus interest, punitive damages, attorney's fees, and costs of suit.

**MacELREE HARVEY, LTD.**

By:  *Timothy F. Rayne, Esquire*
Timothy F. Rayne, Esquire
Attorney for Plaintiffs
Attorney I.D. No. PA 75589
211 East State Street
Kennett Square, PA  19348
P| 610-840-0124
F| 610-444-3270
E| trayne@macelree.com

15

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

## VERIFICATION

The averments contained in the Complaint are true based upon the signers' personal knowledge or information and belief. If the foregoing contains averments that are inconsistent in fact, signers have been unable, after reasonable investigation, to ascertain which of these inconsistent averments are true, but signers have knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

5/15/20

Date

5/15/20

Date

3590433v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

# EXHIBIT A

05-21-2020 Webster, MA

05-15-2018 Webster, MA

*8001081700l664* (handwritten: 8001081700l664)

## ⊛ MAPFRE | INSURANCE·

**Insurance Provided By**
MAPFRE Insurance Company
11 GORE RD WEBSTER,MA 01570
Toll-free 1-877-MAPFRE1
www.mapfreinsurance.com

### PERSONAL AUTO POLICY DECLARATIONS.

**Program: PA PRIVATE PASSENGER VEHICLE**

These are Your Declarations. Please Read and Attach to Your Policy

BACKEND COPY

| INSURED INFORMATION· | PRODUCER |
|---|---|
| **Named Insured:**<br>KRISTOPHER CROSSLEY<br>45 HICKORY LN<br>CHALFONT, PA 18914 | **Your Agent:** 3069<br>ACTION INSURANCE ASSOCIATES, INC.<br>2432 STREET ROAD<br>BENSALEM PA 19020<br>215-604-1300 |

IF YOUR POLICY INCLUDES COLLISION COVERAGE, YOUR COLLISION DEDUCTIBLE WILL APPLY TO RENTAL VEHICLES THAT "YOU" OR A "FAMILY MEMBER" RENT, IF THE RENTAL VEHICLE MEETS THE DEFINITION OF A "NON-OWNED AUTO" IN YOUR POLICY. APPLICABILITY OF THIS COVERAGE IS SUBJECT TO ALL DEFINITIONS, LIMITATIONS, TERMS AND CONDITIONS IN YOUR POLICY.

### POLICY INFORMATION

| Policy Number: | 8001080007435 | Declaration Type: | NEW BUSINESS |
|---|---|---|---|
| **Policy Period:** | | Transaction Effective Date: | 08/04/2017 |
| From: | 08/04/2017 12:01 A.M. Eastern Standard Time | Printed On: | 07/21/2017 |
| To: | 08/04/2018 12:01 A.M. Eastern Standard Time | Customer Since: | 08/04/2017 |

**TOTAL AMOUNT** *(For all Vehicles on the Policy, Including Fees and Discounts)*  **$1,128.00**

### VEHICLE INFORMATION

| Veh # | Year | Make and Model | VIN | Vehicle Use |
|---|---|---|---|---|
| 1 | 2006 | JEEP GRAND CHEROKEELAREDOCOLUM | 1J4GR48K66C280994 | WORK LESS THAN 15 MILES |
| 3 | 2015 | FORD F150SUPERCREW | 1FTEW1EP4FFB79150 | PLEASURE |

### VEHICLE INFORMATION CONTINUED

| Veh # | Garage Zip | Vehicle Type | Tier | BI/PD Sym | MP Sym | OTC Sym | Coll Sym | Class | Rated Driver # |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 18914 | REGULAR AUTO | AA01 | 320 | 475 | 12 | 12 | 6381220 | 1 |
| 3 | 18914 | REGULAR AUTO | AA01 | 295 | 480 | 37 | 23 | 541520 | 2 |

### DRIVER INFORMATION

| Driver # | Name | Driver Status | Date of Birth | Gender | Marital Status | Years of License Experience | Driving Record Points |
|---|---|---|---|---|---|---|---|
| 1 | CHRISTINE CROSSLEY | ACTIVE | 06/07/1979 | F | MARRIED | 22 | |
| 2 | KRISTOPHER CROSSLEY | ACTIVE | 09/16/1975 | M | MARRIED | 25 | 0 |

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _(signature)_ DATE 4/05/2018

MUSA 20071 (10/16)

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

**Policy Number: 8001080007435**
**Name: KRISTOPHER CROSSLEY**

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DRIVING RECORD INFORMATION

| Driver # | Incident Date | Incident | | PTS |
|---|---|---|---|---|
| 2 | 01/16/2015 | AT FAULT ACC BLW THRESHOLD | | 0 |

## EXCLUDED DRIVER(S)

There is no coverage provided by this policy while the following individual(s) operate a motor vehicle.

| Name | DOB | Name | DOB |
|---|---|---|---|
| | | | |

## LOSS PAYEE(S) / ADDITIONAL INTEREST(S)

| Veh # | Type* | Name and Address |
|---|---|---|
| | | |

* L = Financed, A = Additional Interest/Lessor, A,L = Leased, C = Certificate Holder

## POLICY DISCOUNTS, CREDITS AND SURCHARGES

| Discount/Credit/Surcharge | Vehicle(s) | Discount/Credit/Surcharge | Vehicle(s) |
|---|---|---|---|
| Advance Shopping Credit | 1, 3 | | |
| Multi-Policy Discount | 1, 3 | | |
| New Household Account Credit | 1, 3 | | |
| Prior Insurance Discount | 1, 3 | | |
| Anti Theft Discount | 1, 3 | | |
| Multi-Vehicle Discount | 1, 3 | | |
| Passive Restraint Discount | 1, 3 | | |

## FORMS AND ENDORSEMENTS MADE PART OF THIS POLICY

PA PA EM 2102 (10/16),PA PA EM 3100 (04/14),PP 03 38 12 98 (04/14),PA PA EM 2208 (04/14)

## NOTES FOR POLICY OR, IF APPLICABLE, ENDORSEMENT REASON

05-21-2020 Webster, MA

05-15-2019 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*Policy Number:* 8001080007435
*Name:* KRISTOPHER CROSSLEY

## COVERAGES AND LIMITS OF LIABILITY
Coverage is provided only where a premium and/or a limit of liability are shown for the coverage. Subject to all conditions of this policy.

TORT OPTION: LIMITED

| Coverage | Limits of Liability | | Premiums | | | |
|---|---|---|---|---|---|---|
| | Each Person | Each Accident | Vehicle 1 | Vehicle 3 | | |
| BODILY INJURY | $100,000 | $300,000 | $120.00 | $95.00 | | |
| PROPERTY DAMAGE | N/A | $100,000 | $128.00 | $101.00 | | |
| FIRST PARTY BENEFITS: | | | | | | |
| MEDICAL EXPENSES | $5,000 | N/A | $24.00 | $26.00 | | |
| WORK LOSS | $2,500 / Month $50,000 Max | N/A | $10.00 | $10.00 | | |
| ACCIDENTAL DEATH | N/A | N/A | | | | |
| FUNERAL EXPENSE | N/A | N/A | | | | |
| COMBINATION | N/A | N/A | | | | |
| EXTRAORDINARY MEDICAL BENEFITS | N/A | N/A | | | | |
| UNINSURED MOTORISTS COVERAGE: REJECTED | N/A | N/A | | | | |
| UNDERINSURED MOTORISTS COVERAGE: REJECTED | N/A | N/A | | | | |
| *Damages to Your Vehicle* | Vehicle 1 | Vehicle 3 | | | | |
| COLLISION | $1,000 | $1,000 | $99.00 | $236.00 | | |
| OTHER THAN COLLISION | $500 $0 Glass | $500 $0 Glass | $47.00 | $128.00 | | |
| LOSS SETTLEMENT TYPE | ACV | ACV | | | | |
| ADDITIONAL CUSTOMIZED EQUIPMENT | N/A | N/A | | | | |
| RENTAL REIMBURSEMENT | $40/1,200 | $40/1,200 | $42.00 | $42.00 | | |
| EMERGENCY EXPENSE | N/A | N/A | | | | |
| PERSONAL EFFECTS | N/A | N/A | | | | |
| VACATION LIABILITY | N/A | N/A | | | | |
| TOWING | $50 | $50 | $10.00 | $10.00 | | |
| AUTOMASTER ELITE | N/A | N/A | | | | |
| PEACE OF MIND PACKAGE WITH DEDUCTIBLE CREDIT OF | N/A | N/A | | | | |
| EMERGENCY ROADSIDE ASSISTANCE | N/A | N/A | | | | |
| Total Premium Per Vehicle | | | $480.00 | $648.00 | | |

Total Fees = N/A
(Included in Total Amount)

**TOTAL AMOUNT**
*(For all Vehicles on the Policy, Including Fees and Discounts)*
$1,128.00

MUSA 20071 (10/16)

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case # 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# YOUR PERSONAL AUTO POLICY - QUICK REFERENCE
## PENNSYLVANIA

|  | Beginning on Page |
|---|---|
| Agreement | 1 |
| Definitions | 1 |
| **Part A - Liability Coverage** | 2 |
| Insuring Agreement | 2 |
| Supplementary Payments | 3 |
| Exclusions | 3 |
| Limit of Liability | 4 |
| Out of State Coverage | 5 |
| Financial Responsibility | 5 |
| Other Insurance | 5 |
| **Part B - Medical Payments Coverage** | 5 |
| Insuring Agreement | 5 |
| Exclusions | 5 |
| Limit of Liability | 6 |
| Unreasonable or Unnecessary Medical Expenses | 7 |
| Other Insurance | 7 |
| **Part C - Uninsured And Underinsured Motorists Coverage** | 7 |
| Insuring Agreement - Uninsured Motorists Coverage | 7 |
| Exclusions - Uninsured Motorists Coverage | 8 |
| Limit Of Liability - Uninsured Motorists Coverage | 8 |
| Other Insurance - Uninsured Motorists Coverage | 9 |
| Arbitration - Uninsured Motorists Coverage | 9 |
| Insuring Agreement - Underinsured Motorists Coverage | 9 |
| Exclusions - Underinsured Motorists Coverage | 10 |
| Limit Of Liability - Underinsured Motorists Coverage | 10 |
| Other Insurance - Underinsured Motorists Coverage | 11 |
| Arbitration - Underinsured Motorists Coverage | 11 |
| Additional Duties - Underinsured Motorists Coverage | 11 |

|  | Beginning on Page |
|---|---|
| **Part D - Coverage For Damage To Your Auto** | 11 |
| Insuring Agreement | 11 |
| Transportation Expenses | 12 |
| Insuring Agreement - Additional Custom Equipment Coverage | 13 |
| Insuring Agreement - Rental Reimbursement Coverage | 13 |
| Insuring Agreement - Towing & Labor Costs Coverage | 13 |
| Exclusions | 13 |
| Limit of Liability | 15 |
| Payment of Loss | 16 |
| No Benefit to Bailee | 16 |
| Other Sources of Recovery | 16 |
| Appraisal | 16 |
| Inspection | 16 |
| **Part E - Duties After An Accident Or Loss** | 16 |
| **Part F - General Provisions** | 17 |
| Bankruptcy | 17 |
| Changes | 17 |
| Duty to Report Changes | 17 |
| Terms of Policy Conformed To Statutes | 18 |
| Fraud or Misrepresentation | 18 |
| Legal Action Against Us | 18 |
| Our Right to Recover Payment | 18 |
| Joint and Individual Interests | 19 |
| Policy Period and Territory | 19 |
| Payment of Premium and Fees | 19 |
| Termination | 19 |
| Cancellation | 19 |
| Nonrenewal | 20 |
| Automatic Termination | 20 |
| Other Termination Provisions | 20 |
| Transfer of Your Interest In this Policy | 20 |
| Two or More Auto Policies | 20 |
| Constitutionality Clause | 20 |

PA PA EM 2102 (10/16)

i

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _____ DATE 4/25/2018

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# ⊛ MAPFRE | INSURANCE®

**PERSONAL AUTO**
**PA PA EM 2102 (10/16)**

**POLICY NUMBER:** 8001080007435
**NAMED INSURED:** KRISTOPHER CROSSLEY

**EFFECTIVE DATE:** 08/04/2017
**PRODUCER CODE:** 3069

## PERSONAL AUTO POLICY

### AGREEMENT

In return for payment of the premium, we agree to insure you subject to all the terms, duties, conditions, and limitations of this policy. We will insure you for the coverages and the limits of liability shown in this policy's Declarations. Your policy consists of the policy contract, your insurance application, the Declarations, and all endorsements to this policy. We agree with you as follows:

### DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:

1. The end of 90 days following the spouse's change of residency;

2. The effective date of another policy listing the spouse as a named insured; or

3. The end of the policy period.

B. "We", "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

D. "Bodily injury" means bodily harm, sickness or disease, including death that results therefrom.

E. "Business" includes trade, profession or occupation.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. "Occupying" means:

1. In;

2. Upon; or

3. Getting in, on, out or off.

H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

I. "Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto;

2. Pickup or van; or

3. Any other vehicle of the same type shown in the Declarations.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1., 2. or 3. above. It does not include a mobile home, or a trailer used as an office, store, display, or passenger conveyance.

J. "Your covered auto" means:

1. Any vehicle shown in the Declarations for the coverages applicable to that vehicle.

2. A "newly acquired auto".

3. Any "trailer" you own.

4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

a. Breakdown;

b. Repair;

c. Servicing;

d. Loss;

e. Destruction; or

f. Being inspected or transported by a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act.

This Provision (J.4.) does not apply to Coverage For Damage To Your Auto.

K. "Newly acquired auto":

1. "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

a. A private passenger auto;

b. A pickup or van, for which no other insurance policy provides coverage, that has a Gross Vehicle Weight Rating of 14,000 lbs. or less and is not used principally in any "business" other than farming or ranching; or

c. Any other vehicle of the same type shown in the Declarations.

---

**PA PA EM 2102 (10/16)**

© ISO Properties, Inc., 2003, 2004
© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

**Page 1 of 20**

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2. Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.

a. For any coverage provided in this policy except Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle of the same type shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 14 days after you become the owner.

If a "newly acquired auto" replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

b. Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.

c. Other Than Collision Coverage for a "newly

acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

L. "Noneconomic loss" means pain and suffering and other nonmonetary detriment.

M. "Serious injury" means an injury resulting in death, serious impairment of body function or permanent serious disfigurement.

N. Throughout the policy, "minimum limits" refers to the following limits of liability as required by Pennsylvania law, to be provided under a policy of automobile liability insurance:

1. $15,000 for each person, subject to $30,000 for each accident, with respect to "bodily injury"; and

2. $5,000 for each accident with respect to "property damage".

O. "Non-owned vehicle" means any vehicle of the same type shown in the Declarations not owned by or furnished, or available for the regular use of you, any "family member", or the named insured's non-resident spouse.

P. "Diminution in value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

---

## PART A - LIABILITY COVERAGE

### INSURING AGREEMENT

A. If you pay the premium for this coverage, we will pay compensatory damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit seeking these damages, with counsel of our choice. In addition to our limit of liability, we will pay all defense costs we incur settling or defending the claim or suit. Our duty to settle or defend ends when our limit of liability for this coverage has been

exhausted by payment of judgments or settlements. We have no duty to defend any suit or investigate or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

1. You or any "family member" listed by name as a driver in the Declarations for the ownership, maintenance or use of "your covered auto", or the use of a "non-owned vehicle".

2. Any person using "your covered auto" with your permission.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

C. The following are not an "insured" under Part A, Liability Coverage:

1. The United States of America or any of its agencies.

2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the "bodily injury" or "property damage".

## SUPPLEMENTARY PAYMENTS

We will pay on behalf of an "insured":

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy. .

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

6. Prejudgment interest awarded against the "insured" on the part of the judgment we pay. Any prejudgment interest awarded against the "insured" is subject to the applicable Pennsylvania Rules of Civil Procedure.

These payments will not reduce the limit of liability.

## EXCLUSIONS

A. We do not provide Liability Coverage for any "insured":

1. Who intentionally commits an act, or directs another to commit an act, resulting in "bodily injury" or "property damage" even if the actual damage is different than that which was intended

2. For "property damage" to property owned or being transported by that "insured".

3. For "property damage" to property:

   a. Rented or leased to;

   b. Used by; or

   c. In the care, custody, or control of;

   any "insured".

   This Exclusion (A.3.) does not apply to "property damage" to a residence or private garage.

4. For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used:

   a. To carry persons or property for compensation or a fee; or

   b. For retail or wholesale delivery including, but not limited to, pickup or delivery of magazines, newspapers, mail, food, or any other products.

   This Exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the "business" of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. You;

   b. Any "family member"; or

   c. Any partner, agent or employee of you or any "family member".

7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6.

   Except as referenced in Exclusion A.5, this Exclusion (A.7.) does not apply to the

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

maintenance or use of a:

a. Private passenger auto;

b. Pickup or van; or

c. "Trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "family member" using "your covered auto" which is owned by you.

9. For "bodily injury" or "property damage" for which that "insured":

a. Is an insured under a nuclear energy liability policy; or

b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

a. Nuclear Energy Liability Insurance Association;

b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

10. For any liability assumed under any contract or agreement by you or any "insured".

11. For punitive, multiple or exemplary damages.

12. For "bodily injury" or "property damage" caused by or reasonably expected to result from, a criminal act or omission of the "insured". This exclusion applies regardless of whether the "insured" is actually charged with, or convicted of, a crime. For purposes of this exclusion (A.12.), criminal acts or omissions do not include traffic violations.

13. For "bodily injury" or "property damage" arising out of the use of "your covered auto" while leased or rented to others or given in exchange for any compensation. This Exclusion does not apply to the operation of "your covered auto" by you or a "family member".

14. For "bodily injury" or "property damage" arising out of the ownership, maintenance or use of a vehicle or "trailer" while it is parked and being used:

a. For commercial or "business" purposes;

b. As a residence or premises; or

c. As a premises for office, store or display purposes.

Types of use "as a residence or premises" to which this exclusion applies include, but are not limited to, use of a vehicle or "trailer" for entertainment purposes, camping purposes, as

a living facility, or as a sleeping facility.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

a. Has fewer than four wheels; or

b. Is designed mainly for use off public roads.

This Exclusion (B.1.) does not apply:

a. While such vehicle is being used by an "insured" in a medical emergency;

b. To any "trailer", except as noted in Exclusion A.14 above;

c. To any non-owned golf cart, or

d. To any vehicle of the same type shown in the Declarations.

2. Any vehicle, other than "your covered auto", which is:

a. Owned by you; or

b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:

a. Owned by any "family member"; or

b. Furnished or available for the regular use of any "family member".

However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:

a. Owned by a "family member"; or

b. Furnished or available for the regular use of a "family member".

4. Any vehicle:

a. While participating in or competing in any prearranged or organized or spontaneous racing, speed, stunting, or demolition contest or activity or practicing or preparing for any such contest or activity; or

b. While being driven on a permanent or temporary racetrack or racecourse.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The each person limit of liability applies to the total of all claims made for "bodily injury" to a person and all claims of others derived from such "bodily injury",

© ISO Properties, Inc., 2003, 2004
© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Including, but not limited to, emotional injury or mental anguish resulting from the "bodily injury" of another or from witnessing the "bodily injury" to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

These limits are the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations;
4. Vehicles involved in the auto accident; or
5. Lawsuits brought.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy or any other medical benefits coverage under this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher

specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The "insured" must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is any other applicable liability insurance or bond, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance, self insurance or bond. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto" that is provided by a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act, shall be primary.

---

## PART B - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. If you pay the premium for this coverage, we will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":

1. Caused by accident; and
2. Sustained by an "insured".

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

We, or someone on our behalf, will determine:

a. Whether the expenses for medical and funeral services are reasonable; and
b. Whether the medical services are necessary.

B. "Insured" as used in this Part means:

1. You or any "family member":
   a. While "occupying" "your covered auto" or "non-owned vehicle"; or
   b. As a pedestrian when struck by;
   a motor vehicle designed for use mainly on public roads or a trailer of any type or a "non-owned vehicle".

2. Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":

1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.

   However Exclusion (1.) does not apply to a motorized vehicle having fewer than four wheels if it is insured for Medical Payments Coverage in the Declarations or is a "non-owned vehicle."

2. Sustained while "occupying" "your covered auto" when it is being used:
   a. To carry persons or property for compensation or a fee; or
   b. For retail or wholesale delivery including, but not limited to, pickup or delivery of magazines, newspapers, mail, food, or any other products.

   This Exclusion (2.) does not apply to a share-the-expense car pool.

---

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Sustained while "occupying" any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

   a. Owned by you; or

   b. Furnished or available for your regular use.

6. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:

   a. Owned by any "family member"; or

   b. Furnished or available for the regular use of any "family member".

   However, this Exclusion (6.) does not apply to you.

7. Sustained while "occupying" a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (7.) does not apply to a "family member" using "your covered auto" which is owned by you.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". Other than as referenced in Exclusion 2., this Exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:

   a. Private passenger auto;

   b. Pickup or van; or

   c. "Trailer" used with a vehicle described in a. or b. above.

9. Caused directly or indirectly by or as a consequence of:

   a. Discharge of a nuclear weapon (even if accidental);

   b. War (declared or undeclared);

   c. Civil war;

   d. Insurrection;

   e. Rebellion or revolution; or

   f. Any action taken by a governmental authority to hinder or defend against any of these acts.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

11. Sustained while "occupying" any vehicle:

    a. While participating in or competing in any prearranged or organized or spontaneous racing, speed, stunting, or demolition contest

or activity or practicing or preparing for any such contest or activity; or

    b. While being driven on a permanent or temporary racetrack or racecourse.

12. While employed or otherwise engaged in the "business" of:

    a. Selling;

    b. Repairing;

    c. Servicing;

    d. Storing; or

    e. Parking;

    vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (12.) does not apply to the ownership, maintenance or use of "your covered auto" by:

    a. You;

    b. Any "family member"; or

    c. Any partner, agent or employee of you or any "family member".

13. To any person while occupying "your covered auto" while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of "your covered auto" by you or a "family member".

14. Caused by, or reasonably expected to result from, a criminal act or omission of the "insured". This exclusion applies regardless of whether the "insured" is actually charged with, or convicted of, a crime. For purposes of this Exclusion (14.), criminal acts or omissions do not include traffic violations.

15. That is intentionally inflicted on an "insured" at that insured's request or any self-inflicted injury.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. "Insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations;

   4. Vehicles involved in the accident; or

   5. Lawsuits brought.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

C. If multiple vehicle policies issued by us are in effect for you, we will pay no more than the highest limit of liability for this coverage available under any one policy.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## UNREASONABLE OR UNNECESSARY MEDICAL EXPENSES

If the "insured" incurs expenses for medical and funeral services that we deem to be unreasonable or unnecessary, we may refuse to pay for those expenses and contest them.

If the medical or funeral service provider sues the "insured" because we refuse to pay expenses for medical or funeral services that we deem to be unreasonable or unnecessary, we will choose the counsel to defend the insured, pay resulting defense costs, and pay any resulting judgment against the "insured" subject to the limit of liability for this coverage. We will also pay reasonable expenses, including loss of earnings up to $200 per day, incurred at our request. The "insured" may not sue us for expenses for medical

or funeral services we deem to be unreasonable or unnecessary unless the "insured" paid the entire disputed amount to the medical or funeral service provider or the medical or funeral service provider has initiated collection activity against the "insured" for the unreasonable or unnecessary expenses.

## OTHER INSURANCE

If there is other applicable vehicle medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

## PART C - UNINSURED AND UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT – UNINSURED MOTORISTS COVERAGE

A. If you pay the premium for this coverage, we will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

   1. Sustained by an "insured"; and

   2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

No judgment for damages arising out of a suit brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we:

   1. Received reasonable notice of the pendency of the suit resulting in the judgment; and

   2. Had a reasonable opportunity to protect our interests in the suit.

B. "Insured" as used in this Part means:

   1. You or any "family member".

   2. Any other person "occupying" "your covered auto".

   3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. Which is a hit-and-run or miss-and-run vehicle whose operator or owner cannot be identified

and which hits or which causes an accident resulting in "bodily injury" without hitting:

   a. You or any "family member";

   b. A vehicle which you or any "family member" are "occupying"; or

   c. "Your covered auto".

   Provided, however, the facts of the accident must be proved if an "insured" sustains "bodily injury" while "occupying" an auto that did not sustain "property damage" as the result of contact with a hit-and-run vehicle or if a miss-and-run vehicle is involved.

   3. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

     a. Denies coverage; or

     b. Is or becomes:

       (1) Insolvent within six years of the date of the accident; or

       (2) Involved in insolvency proceedings.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

   1. Owned by or furnished for the regular use of you or any "family member".

   2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

   3. Operated on rails or crawler treads.

   4. Designed mainly for use off public roads while not on public roads.

   5. While located for use as a residence or premises.

---

© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

## EXCLUSIONS - UNINSURED MOTORISTS COVERAGE

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By a "family member" who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage. This includes a trailer of any type used with that vehicle.

3. To any person while occupying "your covered auto" while leased or rented to others or given in exchange for any compensation. This Exclusion does not apply to the operation of "your covered auto" by you or a "family member".

B. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":

1. If that "insured" or the legal representative settles the "bodily injury" claim and such settlement prejudices our right to recover payment.

2. While "occupying" "your covered auto" when it is being used:

   a. To carry persons or property for compensation; or

   b. For a fee or for retail wholesale delivery, including, but not limited to, pickup or delivery of magazines, newspapers, mail, food, or any other products.

   This Exclusion (B.2.) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.3.) does not apply to a "family member" using "your covered auto" which is owned by you.

C. We do not provide Uninsured Motorists Coverage for "noneconomic loss" sustained by any "insured" to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "uninsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

This Exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits or similar law, except a workers' compensation law.

E. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY – UNINSURED MOTORISTS COVERAGE

A. If "bodily injury" is sustained in an accident by you or any "family member":

1. Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any such accident is the sum of the Limits Of Liability shown in the Declarations for each person for Uninsured Motorists Coverage.

2. Subject to the maximum limit for each person described in A.1. above, our maximum limit of liability for all damages arising out of "bodily injury" resulting from any one accident is the sum of the Limits Of Liability shown in the Declarations for each accident for Uninsured Motorists Coverage.

3. Subject to the maximum limits of liability set forth in A.1. and A.2. above, the most we will pay for "bodily injury" sustained in such accident by an "insured" other than you or any "family member" is the each person or each accident Limit Of Liability shown in the Declarations applicable to the vehicle that the "insured" was "occupying" at the time of the accident.

The maximum limit of liability is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations;

4. Vehicles involved in the accident; or

5. Lawsuits brought.

B. If "bodily injury" is sustained by any "insured" other than you or any "family member" in an accident in which neither you nor any "family member" sustains "bodily injury", the limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations;

4. Vehicles involved in the accident; or

5. Lawsuits brought.

© ISO Properties, Inc., 2003, 2004
© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **B** of this policy;

2. Any Underinsured Motorists Coverage provided by this policy; or

3. Any other medical benefits coverage provided by this policy.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

**OTHER INSURANCE – UNINSURED MOTORISTS COVERAGE**

If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided under this Part of the policy:

The following priorities of recovery apply:

| First | The Uninsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the accident |
| Second | The policy affording Uninsured Motorists Coverage to the "insured" as a named insured or "family member" |

Subject to the LIMIT OF LIABILITY - UNINSURED MOTORISTS COVERAGE provision, if two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

**ARBITRATION – UNINSURED MOTORISTS COVERAGE**

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding.

**INSURING AGREEMENT – UNDERINSURED MOTORISTS COVERAGE**

A. If you pay the premium for this coverage, we will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   a. Have been given prompt written notice of such tentative settlement; and

   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

B. "Insured" as used in this endorsement means:

1. You or any "family member".

2. Any other person "occupying" "your covered auto".

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. For which liability coverage is provided under Part A of this policy.

2. Operated on rails or crawler treads.

3. Designed mainly for use off public roads while not on public roads.

4. While located for use as a residence or premises.

## EXCLUSIONS – UNDERINSURED MOTORISTS COVERAGE

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By a "family member" who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage. This includes a trailer of any type used with that vehicle.

3. To any person while occupying "your covered auto" while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of "your covered auto" by you or a "family member".

B. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":

1. While "occupying" "your covered auto" when it is being used:

   a. To carry persons or property for compensation; or

   b. For a fee or for retail wholesale delivery, including, but not limited to, pickup or delivery of magazines, newspapers, mail, food, or any other products.

   This Exclusion (B.1.) does not apply to a share-the-expense car pool.

2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.2.) does not apply to a "family member" using "your covered auto" which is owned by you.

C. We do not provide Underinsured Motorists Coverage for "noneconomic loss" sustained by any "insured" to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "underinsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

This Exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits or similar law, except a workers' compensation law.

E. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY – UNDERINSURED MOTORISTS COVERAGE

A. If "bodily injury" is sustained in an accident by you or any "family member":

1. Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any such accident, is the sum of the Limits Of Liability shown in the Declarations for each person for Underinsured Motorists Coverage.

2. Subject to the maximum limit for each person described in A.1. above, our maximum limit of liability for all damages arising out of "bodily injury" resulting from any one accident is the sum of the Limits Of Liability shown in the Declarations for each accident for Underinsured Motorists Coverage.

3. Subject to the maximum limits of liability set forth in A.1. and A.2. above, the most we will pay for "bodily injury" sustained in such accident by an "insured" other than you or any "family member" is the each person or each accident Limit Of Liability shown in the Declarations applicable to the vehicle that the "insured" was "occupying" at the time of the accident.

The maximum limit of liability is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations;

4. Vehicles involved in the accident; or

5. Lawsuits brought.

B. If "bodily injury" is sustained by any "insured" other than you or any "family member" in an accident in which neither you nor any "family member" sustains "bodily injury", the Limit Of Liability shown in the

© ISO Properties, Inc., 2003, 2004
© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the Limit Of Liability shown in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations;
4. Vehicles involved in the accident; or
5. Lawsuits brought.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B**, or Part **C** - Uninsured Motorists Coverage of this policy or any other medical benefits coverage provided by this policy.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

**OTHER INSURANCE – UNDERINSURED MOTORISTS COVERAGE**

If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided by this Part: The following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was occupying at the time of the accident |
| Second | The policy affording Underinsured Motorists Coverage to the "insured" as a named insured or "family member" |

Subject to the LIMIT OF LIABILITY - UNDERINSURED

MOTORISTS provision, if two or more policies have equal priority, the Insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

**ARBITRATION – UNDERINSURED MOTORISTS COVERAGE**

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or
2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "underinsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding.

**ADDITIONAL DUTIES – UNDERINSURED MOTORISTS COVERAGE**

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the "insured" and the insuror of the "underinsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. If you pay the premium for this coverage, we will pay for sudden, direct and accidental loss to "your covered auto" or any "non-owned auto", including their "custom equipment", minus any applicable

deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that vehicle.

   If the Declarations indicate a zero glass deductible applies to a "your covered auto", we will pay for the cost of repairing or replacing damaged safety glass on that "your covered auto" without a deductible.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that vehicle.

   If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations. However, zero glass deductible does not apply to a "non-owned auto".

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

   However, loss caused by the following is considered other than "collision":

   1. Missiles or falling objects;
   2. Fire;
   3. Theft or larceny;
   4. Explosion or earthquake;
   5. Windstorm;
   6. Hail, water or flood;
   7. Malicious mischief or vandalism;
   8. Riot or civil commotion;
   9. Contact with bird or animal; or
   10. Breakage of glass.

   If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

C. "Non-owned auto" means:

   1. Any private passenger auto, pickup, van, "trailer", or other vehicle of the same type shown in the Declarations which is not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member" listed by name as a driver in the Declarations; or
   2. Any auto, "trailer" or other vehicle of the same type shown in the Declarations that you do not own while it is being used as a temporary substitute for "your covered auto" which is out of normal use because of its:
      a. Breakdown;
      b. Repair;
      c. Servicing;
      d. Loss;
      e. Destruction; or
      f. Being inspected or transported by a motor vehicle dealer as defined in the

Pennsylvania Board of Vehicles Act.

D. "Custom equipment" means parts, equipment, devices, accessories, enhancements, and changes, other than those that are offered by the manufacturer specifically for that vehicle model, or that are installed by the vehicle dealership as part of the original sale of a new vehicle, that:

   1. Are permanently installed or attached; and
   2. Alter the appearance or performance of a vehicle.

E. "Mechanical Parts" means operational parts on a vehicle that wear out over time or have a finite useful life or duration typically shorter than the life of the vehicle as a whole. "Mechanical parts" do not include external crash parts, wheels, paint, or windshields and other glass.

## TRANSPORTATION EXPENSES

A. If you pay the premium for Other Than Collision Coverage we will pay, without application of a deductible, up to a maximum of $900 for:

   1. Reasonable temporary transportation expenses not exceeding $30 per day incurred by you if "your covered auto" is stolen; and
   2. Expenses for which you become legally responsible in the event of loss to a "nonowned auto". We will pay for such expenses if the loss is caused by:
      a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for any "your covered auto".
      b. "Collision" only if the Declarations indicate that Collision Coverage is provided for any "your covered auto".

   A combined maximum of $900, not exceeding $30 per day, will apply to these additional benefits. The additional benefit for transportation expenses will not apply if you purchased Rental Reimbursement Coverage for the stolen "your covered auto".

B. Subject to the provisions of Paragraph A., if the loss is caused by:

   1. A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:
      a. Beginning 8 hours after the theft is reported to us; and
      b. Ending the earliest of:
         (1) When "your covered auto" or the "non-owned auto" has been recovered and returned to you or its owner;
         (2) When "your covered auto" or "non-owned auto" has been recovered and repaired;
         (3) When "your covered auto" or "non-owned auto" has been replaced;

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(4) 72 hours after "we" make an offer to settle the loss if "your covered auto" or "non-owned auto" is deemed by us to be a total loss; or

(5) When you incur the maximum limit shown in Transportation Expenses, Section **A.** shown above.

**2.** Other than theft of a "non-owned auto", we will pay only expenses beginning when the "non-owned auto" is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace the "non-owned auto".

**C.** We must receive written proof of transportation expenses and loss of use damages.

**INSURING AGREEMENT - ADDITIONAL CUSTOM EQUIPMENT COVERAGE**

If you pay the premium for Additional Custom Equipment Coverage, we will pay for sudden, direct, and accidental loss to "custom equipment" on "your covered auto". This coverage applies only if you have purchased both Other Than Collision and Collision Coverage for that "your covered auto" and the loss is covered under one of those coverages. This coverage applies in addition to any coverage automatically provided for "custom equipment" under Other Than Collision and Collision coverage.

**INSURING AGREEMENT - RENTAL REIMBURSEMENT COVERAGE**

We will reimburse rental charges incurred when you rent an auto from a rental agency or auto repair shop due to a loss to "your covered auto" that has Rental Reimbursement Coverage under this policy. This coverage applies only if you have purchased both Collision and Other Than Collision Coverage for that "your covered auto" and the loss is covered under one of those coverages.

Additional fees or charges for insurance, damage waivers, optional equipment, fuel, or accessories are not covered.

The maximum we will pay is the limit shown in the Declarations not exceeding the per day limit for any day. If Rental Reimbursement Coverage applies, no other coverage under this policy for rental expenses will apply. Rental charges will be reimbursed beginning:

**1.** When "your covered auto" cannot be driven due to a loss; or

**2.** If "your covered auto" can be driven:

**a.** When an auto repair shop is scheduled to begin repairs on "your covered auto"; or

**b.** When you deliver "your covered auto" to a

location agreed to by us at a time no earlier than the time agreed to by us.

Reimbursement for rental charges will end the earliest of:

(1) When "your covered auto" has been returned to you;

(2) When "your covered auto" has been repaired;

(3) When "your covered auto" has been replaced;

(4) 72 hours after we make an offer to settle the loss if "your covered auto" is deemed by us to be a total loss; or

(5) When you incur the maximum limit shown in the Declarations for Rental Reimbursement.

You must provide us written proof of your rental charges to be reimbursed.

**INSURING AGREEMENT – TOWING & LABOR COSTS COVERAGE**

If you pay the premium for Towing and Labor Costs Coverage, we will pay towing and labor costs incurred each time "your covered auto" or any "non-owned auto" which is a private passenger auto, pickup, or van is disabled at a location other than your residence, up to the amount shown in the Declarations as applicable to that vehicle. If a "non-owned auto" which is a private passenger auto, pickup or van is disabled, we will provide the broadest towing and labor costs coverage applicable to any "your covered auto" shown in the Declarations. We will only pay for labor performed at the place of disablement.

**EXCLUSIONS**

We will not pay for:

**1.** Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used:

**a.** To carry persons or property for compensation or a fee; or

**b.** For retail or wholesale delivery including, but not limited to, pickup or delivery of magazines, newspapers, mail, food, or any other products.

This Exclusion (**1.**) does not apply to a share-the-expense car pool.

**2.** Damage due and confined to:

**a.** Wear and tear;

**b.** Freezing;

**c.** Mechanical or electrical breakdown or failure; or

**d.** Road damage to tires.

This Exclusion (**2.**) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".

© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to any electronic equipment that reproduces, receives or transmits audio, visual or data signals. This includes but is not limited to:
   a. Radios and stereos;
   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.
   This Exclusion (4.) does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".
5. Loss to:
   a. Tapes, records, disks or other media used with equipment described in Exclusion 4.; or
   b. Any personal effects.
6. A total loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities.
   This Exclusion (6.) does not apply to the interests of Loss Payees in "your covered auto".
7. Loss to:
   a. A "trailer", camper body, or motor home, which is not shown in the Declarations; or
   b. Facilities or equipment used with such "trailer", camper body or motor home not shown in the Declarations. Facilities or equipment include but are not limited to:
      (1) Cooking, dining, plumbing or refrigeration facilities;
      (2) Awnings or cabanas; or
      (3) Any other facilities or equipment used with a "trailer", camper body, or motor home.
   This Exclusion (7.) does not apply to a:
   a. "Trailer", and its facilities or equipment, which you do not own; or

   b. "Trailer", camper body, motor home, or the facilities or equipment in or attached to the "trailer", camper body, or motor home, which you:
      (1) Acquire during the policy period; and
      (2) Ask us to insure within 14 days after you become the owner.
8. Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.
9. Loss to equipment designed or used for the detection or location of radar or laser.
10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
    a. Special carpeting or insulation;
    b. Furniture or bars;
    c. Height-extending roofs; or
    d. Custom murals, paintings or other decals or graphics.
    This Exclusion (10.) does not apply to a cap, cover or bedliner in or upon any "your covered auto" which is a pickup.
11. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:
    a. Selling;
    b. Repairing;
    c. Servicing;
    d. Storing; or
    e. Parking;
    vehicles designed for use on public highways. This includes road testing and delivery.
12. Loss to "your covered auto" or any "non-owned auto";
    a. While participating in or competing in any prearranged or organized or spontaneous racing, speed, stunting, or demolition contest or activity or practicing or preparing for any such contest or activity; or
    b. While being driven on a permanent or temporary racetrack or racecourse.
13. Loss to, or loss of use of, a "non-owned auto" rented by:
    a. You; or
    b. Any "family member";
    if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "family member", pursuant to the provisions of any applicable rental agreement or state law.
14. Loss to "your covered auto" while it is leased or rented to others or given in exchange for

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

compensation. This exclusion (**14.**) does not apply to the operation of "your covered auto" by you or any "family member".

15. Loss to any vehicle caused by an intentional act committed by or at the direction of you, a "family member", or the owner of a "non-owned auto" even if the actual damage is different than that which was intended or expected. If the intentional act was related to an incident of domestic abuse, this exclusion does not apply to the legal interest of the victim of abuse in the damaged property.

16. Loss to any vehicle for "diminution in value".

17. Loss to any vehicle caused by, or reasonably expected to result from, a criminal act or omission of you, a "family member", or the owner of a "non-owned auto". For purposes of this exclusion (**17.**), criminal acts or omissions do not include traffic violations.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss to "your covered auto", a "non-owned auto", or "custom equipment" will be the lesser of the:

1. Actual cash value of the stolen or damaged property at the time of the loss, reduced by its salvage value if you or the owner retain the salvage;

2. Amount necessary to replace the stolen or damaged property with other property of like kind and quality, reduced by its salvage value if you or the owner retain the salvage;

3. Amount necessary to repair the damaged property to its pre-loss condition; or

4. Applicable limit of liability or Stated Amount elected by you and shown in the Declarations or the Rating Base Reminder form for that "your covered auto", reduced by its salvage value if you or the owner retain the salvage.

However, the most we will pay for loss to:

1. Any "non-owned auto" which is a trailer is $500.

2. "Custom equipment" is $1,000 unless you purchased Additional Custom Equipment Coverage ("ACE") by endorsement. If you purchased "ACE", the most we will pay is $1,000 plus the amount of "ACE" you purchased.

**B.** Payments for loss to a "your covered auto", a "non-owned auto", or "custom equipment" are subject to the following provisions:

1. If you have elected a Stated Amount for a "your covered auto", the Stated Amount is the most we will pay for any loss to that "your covered auto" including its "custom equipment".

2. Coverage for "custom equipment" will not cause our limit of liability for loss to a vehicle under this

Part D - Coverage For Damage To Your Auto to be increased to an amount in excess of the actual cash value of the vehicle, including its "custom equipment".

3. If the "custom equipment" takes the place of parts or equipment that was included on the vehicle by the original vehicle manufacturer, no credit will be given for the value of the corresponding original part or equipment in the payment of the loss.

4. In determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by us:

a. Will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by us; and

b. Will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

(1) Original manufacturer parts or equipment; and

(2) Non-original manufacturer parts or equipment.

5. To determine the amount necessary to repair or replace the damaged property as referred to in subsection **A.**, the total cost of necessary repair or replacement may be reduced by unrepaired prior damage. Unrepaired prior damage includes broken, cracked, or missing parts; rust; dents; scrapes; gouges; and peeling paint. The reduction for unrepaired prior damage is the cost of labor, parts, and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the accident and that is eliminated as a result of the repair or replacement of property damaged in the loss.

6. To determine the amount necessary to repair or replace the damaged property as referred to in subsection **A.**, an adjustment may be made for betterment or depreciation and physical condition on:

a. Batteries;

b. Tires;

c. Engines and transmissions, if the engine has greater than 80,000 miles; and

d. Any other "mechanical parts" that are nonfunctioning or inoperative.

We will not make an adjustment for the labor costs associated with the replacement or repair of these parts.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06528-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7. The actual cash value is determined by the market value, age, and condition of the vehicle at the time the loss occurs.

C. Duplicate recovery for the same elements of damages is not permitted.

**PAYMENT OF LOSS**

We may, at our option, pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

We may settle any loss with you or the owner or lien holder of the property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the "non-owned auto";
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

However, any insurance we provide for a "nonowned auto" while used as a temporary substitute for "your covered auto" that is provided by a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act, shall be primary.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

B. Neither we nor you waive any of our rights under this policy by agreeing to an appraisal.

**INSPECTION**

1. We have the right to inspect any:
   a. Private passenger auto;
   b. Pickup or van; or
   c. Any other vehicle of the same type shown in the Declarations

   which you insure or intend to insure for Coverage For Damage To Your Auto under this policy.

   This right applies only to the extent authorized by Pennsylvania law or regulation.

2. When we require an inspection you must:
   a. Cooperate; and
   b. Make the vehicle available for inspection.

---

## PART E - DUTIES AFTER AN ACCIDENT OR LOSS

If an accident or loss occurs, the following must be done for the terms of the policy to apply:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

B. Any person qualifying as an insured under any coverage part of this policy must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit. This includes:
   a. Securing and giving us evidence; and
   b. Attending, and assisting in securing the attendance of witnesses at:
      (1) Signed and recorded statements; and
      (2) Sworn statements; and

      (3) Examinations under oath, hearings and trials.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss, and claim related documents we may request.

3. Submit, as often as we reasonably require to physical exams by physicians we select. We will pay for these exams.

4. Authorize us to obtain:
   a. Medical reports; and
   b. Other pertinent records.

   If the person is deceased or unable to act, his or her legal representative shall authorize us to obtain all medical reports and records.

5. Submit a proof of loss when required by us.

---

05-21-2020 Webster, MA

05-15-2019 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

6. Allow us to take signed and recorded statements, including sworn statements and examinations under oath, which we may conduct outside the presence of you, any other person claiming coverage or any other witness, answer all reasonable questions we may ask as often as we may reasonably require, and produce within a reasonable time all documents we may request. The statements may be in-person or over the telephone at our sole option. If the statement or examination under oath is in-person, we shall choose the location of the statement and no one except us and/or our representative and one person representing legal counsel that you have obtained shall have any right to:

   a. Attend or be present; or

   b. Videotape, photograph or record by any means;

   Unless we consent.

7. Not voluntarily make any payment or assume any obligation to others.

C. A person seeking Uninsured Motorists Coverage must also:

   1. Promptly notify the police if a hit-and-run or miss-and-run driver is involved.

   2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage For Damage To Your Auto must also:

   1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.

   2. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.

   3. Permit us to inspect and appraise, by an appraiser of our choosing, the damaged property before its repair or disposal.

---

## PART F - GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

### CHANGES

A. This policy contract, your insurance application (which is made a part of this policy as if attached hereto), the Declarations, and all endorsements to this policy issued by us, contain all the agreements between you and us. Subject to Paragraphs B. and C., the terms may not be changed or waived except by endorsement issued by us.

B. The premium for this policy is based on information we received from you and other sources. You agree to cooperate with us in determining if this information is correct and complete, and to notify us if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, you agree that we may adjust your premium accordingly. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

   1. The number, type or use classification of insured vehicles;

   2. Operators using insured vehicles or an operator's marital status;

   3. The place of principal garaging of insured vehicles;

   4. Coverage, deductible or limits;

   5. Rating territory or discount eligibility.

   If a change resulting from A. or B. requires a premium

adjustment, we will make the premium adjustment in accordance with our manual rules.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This Paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   1. A subsequent edition of your policy; or

   2. An Amendatory Endorsement.

D. If you ask us to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time you ask us to delete it.

### DUTY TO REPORT CHANGES

You must promptly notify us when:

   1. Your mailing or residence address changes;

   2. The principal garaging zipcode for a "your covered auto" shown in the Declarations changes;

   3. There is a change with respect to the residents in your household or the persons who regularly operate a "your covered auto";

   4. An operator's marital status changes;

   5. You or a "family member" obtain a driver's license or operator's permit; or

   6. You acquire an additional or replacement vehicle.

© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the legal requirement of the State in which it was issued, the provision shall be deemed amended to conform to such legal requirements. All other provisions shall be given full force and effect. Any disputes as to the coverage provided or the provisions of this policy shall be governed by the law of the State in which it was issued.

## FRAUD OR MISREPRESENTATION

Fraud or misrepresentation means representation of information to us on your application for insurance, during the policy period, or in connection with the presentation or settlement of a claim that is known by you or an insured, to be false or misleading and affects either the eligibility for coverage and/or premium that is charged. This also includes concealment of such information relevant to your application for insurance, the maintenance of coverage, or the presentation or settlement of a claim once the policy is in force.

This policy was issued in reliance upon the information provided on your insurance application. Material information provided on your insurance application includes, but is not limited to, information regarding license and driving history of you, "family members", and all persons of driving age residing in your household; the description of the vehicles to be insured; the location of the principal place of garaging; and your place of residence.

Notwithstanding anything to the contrary in this policy or in the Declarations, we may at any time, including after the occurrence of an accident or loss, void the policy or disclaim coverage for a claim or loss if you or an "insured", with the intent to deceive at the time of the application or in conjunction with the presentation of a claim or loss:

1. Made incorrect statements or representations to us with regard to any material fact or circumstance;
2. Concealed or misrepresented any material fact or circumstance; or
3. Engaged in fraudulent conduct.

This means that we will not be liable for any claims or damages that would otherwise be covered.

However, this shall not affect coverage under Part **A** – Liability Coverage of this policy up to the minimum limits required by the financial responsibility law of the State in which this policy was issued for an accident that occurs before we notify you that the policy is void. If we void this policy, you must reimburse us if we make a payment.

If we void this policy, it will be void from its inception (void ab initio), as if the policy never took effect.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the "insured" has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

C. We have no duty to preserve or otherwise retain salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.

However, our rights in this Paragraph (**A.**) do not apply under Part **D**, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment less reasonable attorneys' fees, costs and expenses incurred by that person in collecting our share of the recovery.

If we are not reimbursed, we may pursue recovery of that amount directly against that person.

C. If an insured person recovers from another without our written consent, the insured person's rights to payment under any affected coverage will no longer exist.

D. If we elect to exercise our rights of recovery against another, we will also attempt to recover any deductible incurred by an insured person under this policy unless we are specifically instructed by that person not to pursue the deductible. We have no obligation to pursue recovery against another for any loss not covered by this policy.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

E. We reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. We reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of our payment and the deductible, we will reduce reimbursement of the deductible by the proportion that the actual recovery bears to the total of our payment and the deductible. We will not reduce your share of the recovery by any attorney fees or collection expenses we incur.

These provisions will be applied in accordance with state law.

F. Our rights do not apply under Paragraph **A.** with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

### JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy.

### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

### PAYMENT OF PREMIUM AND FEES

If your initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to us by the financial institution. Notwithstanding anything to the contrary in this policy or in the Declarations, if the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at our option, be deemed void from its inception (void ab initio), as if the policy never took effect. This means we will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by us to present the remittance for payment more than once shall not affect our right to void this policy.

In addition to premium, fees may be charged on your policy. We may charge fees for installment payments, late payments, and other transactions. Payments made on your policy will be applied first to fees, then to premium due.

### TERMINATION

A. Cancellation

This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

a. Returning this policy to us; or

b. Giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. At least 15 days notice of cancellation:

(1) If notice is effective within the first 60 days this policy is in effect and this is not a renewal or continuation policy;

(2) For nonpayment of premium; or

(3) If the driver's license of the named insured shown in the Declarations has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year, since the last anniversary of the original effective date; or

b. At least 60 days notice if the policy was obtained through material misrepresentation.

© ISO Properties, Inc., 2003, 2004
© Insurance Services Office, Inc., 1986, 1992, 1999, 2012, 2016
Includes copyrighted material of ISO Properties, Inc. and Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Our right to cancel this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

**B. Nonrenewal**

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy.

1. At least 15 days notice before the end of the policy period:
   a. For nonpayment of premium; or
   b. If the driver's license of the named insured shown in the Declarations has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year since the last anniversary of the original effective date.
2. At least 60 days notice before the end of the policy period in all other cases.

However, our right to nonrenew this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.

**C. Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**D. Other Termination Provisions**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
   1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
   2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

B. Coverage will only be provided until the end of the policy period or the termination of the legal representative's responsibility, whichever occurs first.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

1. This provision does not apply to Uninsured Motorists Coverage or Underinsured Motorists Coverage if stacked coverage is selected.
2. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists Coverage or Underinsured Motorists Coverage.

**CONSTITUTIONALITY CLAUSE**

The premium for, and the coverages of, this policy have been established in reliance upon the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. In the event a court, from which there is no appeal, declares or enters a judgment the effect of which is to render the provisions of such statute invalid or unenforceable in whole or in part, we will have the right to recompute the premium payable for the policy and void or amend the provisions of the policy, subject to the approval of the Insurance Commissioner.

PP 00 01 01 05
PP 01 51 06 16
PP 13 01 12 99
PP 03 01 08 86
PP 04 23 08 12
PP 04 19 08 12

05-21-2020 Webster, MA

05-16-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _____ DATE 4/25/2018

**⊛ MAPFRE | INSURANCE**

PERSONAL AUTO
PA PA EM 3100 (04/14)

POLICY NUMBER: 8001080007435
NAMED INSURED: KRISTOPHER CROSSLEY

EFFECTIVE DATE: 08/04/2017
PRODUCER CODE: 3069

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## FIRST PARTY BENEFITS COVERAGE - PENNSYLVANIA

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**Part B – Medical Payments Coverage** is replaced by the following:

### I. DEFINITIONS

The Definitions section is amended as follows:

A. "The Act" refers to the Pennsylvania Motor Vehicle Financial Responsibility Law.

B. The following definitions are replaced:

1. "Bodily injury" means accidental bodily harm to a person and that person's resulting illness, disease or death.

2. "Your covered auto" means a "motor vehicle":

a. To which Part **A** of this policy applies and for which a specific premium is charged; and

b. For which First Party Benefits Coverage required by the Act is maintained.

C. The following definition is added:

"Motor vehicle" means a self-propelled vehicle operated or designed for use upon public roads. However, "motor vehicle" does not include a vehicle operated:

1. By muscular power; or

2. On rails or tracks.

D. "Insured" as used in this endorsement means:

1. You or any "family member".

2. Any other person while:

a. "Occupying" "your covered auto"; or

b. Not "occupying" a "motor vehicle" if injured as a result of an accident in Pennsylvania involving "your covered auto".

If "your covered auto" is parked and unoccupied it is not a "motor vehicle" involved in an accident unless it is parked in a manner which creates an unreasonable risk of injury.

### II. FIRST PARTY BENEFITS COVERAGE INSURING AGREEMENT

A. FIRST PARTY BENEFIT

We will pay, in accordance with the Act, the First Party Benefit to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the maintenance or use of a "motor vehicle". These benefits are subject to the provisions of the Act.

Subject to the limits shown in the Declarations, First Party Benefits consist of the following:

1. Medical expenses as that are reasonable and necessary and are incurred for an "insured's":

a. Care;

b. Recovery; or

c. Rehabilitation.

This includes remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid if incurred within 18 months from the date of the accident causing "bodily injury". However, if within 18 months from the date of the accident, it can be determined with reasonable medical probability that additional expenses may be incurred after this period, the 18 month time limit will not apply to the payment of the additional medical expenses.

2. Work loss.

a. Loss of income. Up to 80% of gross income actually lost by an "insured" as a result of the accident.

b. Reasonable expenses actually incurred to reduce loss of income by hiring:

(1) Special help, thereby enabling an "insured" to work; or

(2) A substitute to perform the work a self-employed "insured" would have performed.

However, work loss does not include:

a. Loss of expected income or expenses incurred for services performed after the death of an "insured"; or

Copyright, Insurance Services Office, Inc., 1993
Includes copyrighted material of Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b. Any loss of income, or expenses incurred for services performed, during the first 5 working days the "insured" did not work due to "bodily injury".

3. **Funeral expenses.** Funeral or burial expenses actually incurred if "bodily injury" causes an "insured's" death within 24 months from the date of the accident.

4. **Accidental death.** A death benefit paid if "bodily injury" causes the death of you or any "family member" within 24 months from the date of the accident.

   We will pay accidental death to the executor or administrator of the deceased "insured's" estate. If there is no executor or administrator, the benefit shall be paid to:

   a. The deceased "insured's" surviving spouse; or

   b. If there is no surviving spouse, the deceased "insured's" surviving children; or

   c. If there is no surviving spouse or children, to the deceased "insured's" estate.

**B. COMBINATION FIRST PARTY BENEFITS**

If the Declarations indicates that Combination First Party Benefits apply, we will pay Combination First Party Benefits to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the maintenance or use of a "motor vehicle". These benefits are subject to the provisions of the Act.

Subject to the limits shown in the Declarations, Combination First Party Benefits consist of the following, as described in the First Party Benefits:

1. Medical expenses.
2. Work loss.
3. Funeral expenses.
4. Accidental death.

**EXCLUSIONS**

A. We do not provide First Party Benefits Coverage for "bodily injury" sustained by any "insured":

1. While intentionally causing or attempting to cause "bodily injury" to himself or any other person. We will not pay accidental death on behalf of that "insured".

2. While committing a felony.

3. While seeking to elude lawful apprehension or arrest by a law enforcement official.

4. While maintaining or using a "motor vehicle" knowingly converted by that "insured". This exclusion (A.4.) does not apply to:

a. You; or

b. Any "family member".

5. Who, at the time of the accident, is:

a. The owner of one or more registered "motor vehicles", none of which have in effect the financial responsibility required by the Act; or

b. "Occupying" a "motor vehicle" owned by that "insured" for which the financial responsibility required by the Act is not in effect.

6. Maintaining or using a "motor vehicle" while located for use as a residence or premises.

7. While "occupying" a:

a. Recreational vehicle designed for use off public roads; or

b. Motorcycle, moped or similar-type vehicle.

B. We do not provide First Party Benefits Coverage for "bodily injury":

1. Sustained by a pedestrian if the accident occurs outside of Pennsylvania. This exclusion (B.1.) does not apply to:

a. You; or

b. Any "family member".

2. Caused directly or indirectly by or as a consequence of:

a. Discharge of a nuclear weapon (even if accidental);

b. War (declared or undeclared);

c. Civil war;

d. Insurrection;

e. Rebellion or revolution; or

f. Any action taken by a governmental authority to hinder or defend against any of these acts.

3. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

a. Nuclear reaction;

b. Radiation; or

c. Radioactive contamination.

**LIMIT OF LIABILITY**

A. The limits of liability shown in the Declarations for the first party benefits that apply are the most we will pay to or for each "insured" as the result of any one accident, regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations;

3. Vehicles involved in the accident;

4. Insurers providing first party benefits; or

---

**PA PA EM 3100 (04/14)**          Copyright, Insurance Services Office, Inc., 1993          **Page 2 of 3**
Includes copyrighted material of Insurance Services Office, Inc., with its permission

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5. Lawsuits brought.

**B.** If Combination First Party Benefits are afforded, we will make available at least the minimum limit required by the Act for the First Party Benefit. This provision **(B.)** will not change our maximum limit of liability.

**C.** Any amounts payable under this coverage shall be excess over any amounts:

**1.** Paid;

**2.** Payable; or

**3.** Required to be provided;

to an "insured" under any workers' compensation law or similar law.

## PRIORITIES OF POLICIES

**A.** We will pay first party benefits in accordance with the order of priorities set forth by the Act. We will not pay if there is another insurer at a higher level of priority. The **First** category listed below is the highest level of priority and the **Fourth** category is the lowest level of priority. The priority order is:

| | |
|---|---|
| **First** | The insurer providing benefits to the "insured" as a named insured. |
| **Second** | The insurer providing benefits to the "insured" as a family member who is not a named insured under another policy providing coverage under the Act. |
| **Third** | The insurer of the "motor vehicle" which the "insured" is "occupying" at the time of the accident. |
| **Fourth** | The insurer of any "motor vehicle" involved in the accident if the "insured" is not: |
| | **a.** "Occupying" a "motor vehicle"; and |

**b.** Provided first party benefits under any other automobile policy.

An unoccupied parked "motor vehicle" is not a "motor vehicle" involved in an accident unless it is parked in a manner which creates an unreasonable risk of injury.

**B.** If 2 or more policies have equal priority within the highest applicable priority level:

**1.** The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is then entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If such contribution is sought among insurers under the **Fourth** priority, proration shall be based on the number of involved motor vehicles.

**2.** If we are the insurer against whom the claim is first made, our payment to or for an "insured" will not exceed the applicable limit of liability for First Party Benefits Coverage shown in the Declarations.

**3.** The maximum recovery under all policies will not exceed the amount payable under the policy with the highest limit of liability.

## NON-DUPLICATION OF BENEFITS

No one will be entitled to recover duplicate payments for the same elements of loss under this coverage and Part A, Part B or Part C of this policy or any other similar insurance including self-insurance.

**III. PART F – GENERAL PROVISIONS**

Part F is amended as follows:

The Our Right To Recover Payment provision does not apply.

PP 05 51 06 94

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently then non-confidential information and documents.

PERSONAL AUTO
PP 03 38 12 98

# LIMITED TORT ALTERNATIVE INFORMATION NOTICE - PENNSYLVANIA

Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for noneconomic loss, except that:

A. An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

1. Is convicted, or accepts Accelerated Rehabilitative Deposition for driving under the influence of alcohol or a controlled substance in that accident;

2. Is operating a motor vehicle registered in another state;

3. Intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury if the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

4. Has not maintained financial responsibility as required by the Pennsylvania Motor Vehicle Financial Responsibility Law;

provided that nothing in Paragraphs 1. through 4. shall affect the limitation of a person, precluded from maintaining an action for noneconomic damages under the limited tort alternative, to recover noneconomic damages under Uninsured Motorists. Coverage or Underinsured Motorists Coverage.

B. An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

C. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _____ DATE 4/25/2018

05-21-2020 Webster, MA

05-15-2018 Webster, MA

**MAPFRE | INSURANCE™**

PERSONAL AUTO
PA PA EM 2208 (04/14)

POLICY NUMBER: 8001080007435
NAMED INSURED: KRISTOPHER CROSSLEY

EFFECTIVE DATE: 08/04/2017
PRODUCER CODE: 3069

# ACCIDENT FORGIVENESS

As a benefit of your MAPFRE INSURANCE COMPANY (MAPFRE) policy, we will not increase your premium for the first at-fault accident occurring after policy inception if:

- You have maintained coverage with MAPFRE for at least four years, free of any at-fault accidents during that time; and
- The driver is listed and rated on the policy when the accident occurs.

This benefit also applies to future at-fault accidents if at least four years have occurred between at-fault accidents.

**Opportunity for Additional Benefits:**

**Peace of Mind Package**

For an added premium, the MAPFRE **Peace of Mind Package** provides predictability of what will (and will not) happen while your policy is in effect. Enjoy extra money-saving features in addition to the excellent coverage and service MAPFRE provides. Please contact your agent for information on pricing and to add this benefit to your policy.

**Peace of Mind Package Benefits**

- **Deductible Credit** - Your Collision and Other Than Collision deductibles are reduced through deductible credits. Deductible credits are earned in $100 increments for each consecutive, twelve-month period that your policy remains claims free. There is a maximum credit of $500 or until the deductible is reduced to $0.

- **Immediate Accident Forgiveness** - The Peace of Mind Package provides the Accident Forgiveness benefit immediately. The four year waiting period does not apply under the package. Subsequent waivers are granted after only three years with no at-fault accidents.

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY
NAME _____ DATE 4/25/2018

PA PA EM 2208 (04/14)

Page 1 of 1

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY
NAME _____ DATE 4/25/2018

## POLICY ENDORSEMENT SUMMARY
(This endorsement has not yet been processed)

Reference Number: 57832
Effective Date of Change: 08-04-2017
Submission Date: 07-31-2017

Policy Number: 8003080007435
Policy Effective Date: 08-04-2017
Policy Expiration Date: 08-04-2018

Insured: KRISTOPHER CROSSLEY
45 HICKORY LN, PA-18914
Home # (267) 250-8355

Producer: ACTION INSURANCE ASSOCIATES, INC.
2432 STREET ROAD
BENSALEM PA 19020

Revised Term Premium: $1364.00
Premium Change for Remainder of Term: $136.00

### Policy Information

| Value Changed | Original Value | Current Value | Action Taken |
|---|---|---|---|
| Other Affiliated Insurance Policies:NO Policy # | 123456 | 8003080003304 | Changed |
| UM/UIM Coverages.Uninsured Motorist Stacking Option: | Rejected | Non Stacked | Changed |
| UM/UIM Coverages.Uninsured Motorists Non-Stacked | | 100000/300000 | Added |
| UM/UIM Coverages.Underinsured Motorists Stacking Option | Rejected | Non Stacked | Changed |
| UM/UIM Coverages.Underinsured Motorists Stacked | | | Deleted |
| UM/UIM Coverages.Underinsured Motorists Non-Stacked | Rejected | 100000/300000 | Changed |
| | | | |
| | | | |
| | | | |
| | | | |

Page 2

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

05-21-2020 Webster, MA

05-15-2018 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

MAPFRE INSURANCE

PERSONAL AUTO
PA PAGEM 2808 S (07/15)

PENNSYLVANIA UNINSURED MOTORIST PROTECTION REJECTION OF
STACKED COVERAGE LIMITS FORM

**THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY**

NAME _____ DATE 7/25/2018

PA PAGEM 2808 (07/5)                                                                Page 1 of 1

05-21-2020 Webster, MA

05-15-2019 Webster, MA

The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MAPFRE INSURANCE**
INSURANCE PROVIDED BY:
MAPFRE INSURANCE COMPANY
POLICY NUMBER:
NAMED INSURED:

PERSONAL AUTO
PA 9452N 2016 (01/16)

EFFECTIVE DATE:
PRODUCER CODE:

## PENNSYLVANIA UNDERINSURED MOTORIST PROTECTION REJECTION OF STACKED COVERAGE LIMITS FORM



_____          _____
Signature of Named Insured             Date  4/6/18

_____
Named Insured

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _____ DATE 4/25/2018

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00.

05-21-2020 Webster, MA

05-15-2018 Webster, MA

THIS IS A TRUE AND CERTIFIED COPY
OF THE POLICY

NAME _____ DATE 4/25/2018

**SAMPFIRE INSURANCE**

**PENNSYLVANIA UNINSURED AND UNDERINSURED MOTORIST PROTECTION SELECTION FORM**

4/6/18

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT B

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents



**MacElree Harvey**

SINCE 1880

INITIATIVE IN PRACTICE·

MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d | 610-840-0124
f | 610-444-3270

June 19, 2019

**VIA FIRST CLASS MAIL AND EMAIL**
**claimsmail@mapfreusa.com**

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:   **My Client/Insured:**   **Christine Crossley**
      **Claim No.:**           **80010817001664**
      **Policy No.:**          **8001080007435**
      **Date of Loss:**        **12/18/2017**

Dear Ms. Lizewski:

As you know this office represents Christine and Kristopher Crossley in connection with injuries and damages arising out of Christine's December 18, 2017 rear-end car collision caused by underinsured driver Ramon Ortiz.

Mr. Ortiz was insured by Nationwide but with a minimum of $15,000.00 liability policy that was tendered and for which you consented to settlement.

Unfortunately, Christine sustained serious life-changing injuries and, for that reason, we are making an Underinsured Policy Limit Settlement Demand of $100,000.00 to resolve her claim.

That Demand is based upon the following attached documents as well as the analysis set forth below:

      Exhibit A – Police Report;
      Exhibit B – Medical Records and Bills;
      Exhibit C – Medical Treatment Summary;
      Exhibit D – Summary of Lost Earnings.

**LIABILITY**

This collision occurred on the evening of December 18, 2017 at approximately 6PM. Christine was driving to work on Route 309 in Montgomeryville, Pennsylvania and was headed southbound. She was stopped at a red light and was the last car in the line of stopped traffic. Suddenly and without warning Christine was rear-ended by Defendant, Ramon Ortiz. According to the police report, Mr. Ortiz indicated that he got distracted and turned away from looking at the road in front of him and struck Christine's vehicle in the rear. Mr. Ortiz was determined to be at fault for the collision for driving too fast for conditions and driving while distracted.

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



2
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

Liability clearly lies with Mr. Ortiz one hundred percent for this rear-end collision.  Unfortunately, he was grossly insured having only a minimal $15,000.00 bodily injury policy.

**DAMAGES**

Christine Crossley has a date of birth of June 7, 1979 and is 40 years old.  She has been married to her husband, Kristopher, since 2005 and they have two children:  Ava, age 10, and Jake, age 2.

At the time of the collision, Christine was employed as a Registered Nurse working in the OB/GYN Labor and Delivery Unit of Albert Einstein Medical Center.  She had been employed there three years and her work schedule at the time included three 12-hour shifts working 7PM to 7AM and she earned approximately $3,500.00 per month.

Christine's work was extremely strenuous requiring lifting, sliding and turning patients.  She was also required to be on her feet for much of her 12-hour shift.

Outside of work, Christine's life involved being a busy mother of 2 young children and having primary responsibility for the household including cooking, cleaning, shopping and other household activities. Christine and her husband also own 2 dogs and Christine loved taking them for long walks.  In addition, Christine is very physically fit and active and enjoyed exercise 2 to 3 times per week consisting of jogging and lifting weights.

Prior to this collision, Christine had never been injured in a car accident and had no pre-existing neck or back injuries.

The collision itself was very violent causing substantial front-end damage to Mr. Ortiz's vehicle.  It appeared to Christine as if Mr. Ortiz's car was totaled and he had fluid leaking from the front of the vehicle.

The impact itself was so hard that it caused Christine's neck to jerk forward causing her forehead to hit the steering wheel and then it jerked backward into the headrest.  Christine had her husband take her to the emergency room where she was diagnosed with neck and low back pain.  Christine's most significant injuries involve cervical disc herniations with radiculopathy.

The following is a Summary of Christine's medical treatment so far.

| 12/18/17 | Doylestown Hospital – Emergency Department | Christine has burning, bilateral posterior neck pain and left lower back pain status post Motor Vehicle Collision. She states her head hit the back of the headrest when she was rear-ended. On exam, Christine has bilateral paraspinal neck tenderness, decreased range of motion of neck, positive tender Left lower paraspinal muscle region. |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents



3
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | |
|---|---|---|
| | | CT Cervical Spine w/o contrast – Indication: Burning sensation in the neck with flexion; MVA.<br>**Impression:**<br>1.  No acute bony findings.<br>2.  Moderate C5-C6 degenerative disc disease and posterior central disc protrusion.<br>3.  If there is clinical concern for post-<br>4.  traumatic syrinx, this could be evaluated with MRI.<br>5.  Reversal of the cervical lordosis. This may be reflective of muscular spasm.<br><br>**Diagnosis:**<br>1.  Cervical Strain.<br>2.  Low Back Strain.<br>3.  Motor Vehicle Collision.<br><br>Prescribed Diazepam (Valium), 5 mg., take three times a day as needed for neck pain. Apply ice on the affected areas for the first 24 hours followed by warm moist heat several times a day. Ibuprofen 600 mg. every 8 hours with food. See family doctor for re-evaluation and orthopedics for further evaluation of cervical spine CT results. |
| 12/20/17 | Michael Gratch, MD<br>Rothman Institute | Christine has cervical spine pain due to cervical sprain. Recommend physical therapy and pain management. |
| 12/28/17 | Mark Strauss, DPT<br>Rothman Institute | Initial Physical Therapy Evaluation Christine was rear-ended in a Motor Vehicle Collision on 12/18/2017. She has burning at the base of her neck. Worse with cervical flexion. She also has aching/burning into the top of the shoulders. Squeezing/pressure pain at the base of the skull L > R that extends over the crown of my head into her Left eye. Prior to the accident she had no limitations of her cervical spine. |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree Harvey

4
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | |
|---|---|---|
| | | Assessments: <br> 1. Sprain of ligament of cervical spine region. <br><br> Recommend skilled therapy 2 x a week for 6 weeks to decrease symptoms and improve range of motion, strength and function. |
| 01/02/18 | Danielle Donofrio, PT <br> Rothman Institute | Attend physical therapy. <br><br> Christine reports continue right side cervical spine symptoms. She is now having constant, burning radicular pain in the back of her right shoulder into her arm and dorsum of forearm. |
| 01/02/18 | Michael Gratch, MD <br> Rothman Institute | Christine was seen in office today to follow up cervical sprain. She may return to work on 1/9/2018. |
| 01/05/18 | Mark Strauss, DPT <br> Rothman Institute | Attend physical therapy. <br><br> Christine is now having squeezing, pinching sensation down from Right scapula down to the elbow. She has a crushing sensation at the base of the skull. <br><br> Assessments: <br> 1. Sprain of ligament of cervical spine region. <br> 2. Lumbar sprain. |
| 01/09/18 | Danielle Donofrio, PT <br> Rothman Institute | Attend physical therapy. <br><br> Christine reports continued symptoms into Right upper extremity with pinching symptoms in Right cervical spine. |
| 01/11/18 | Mark Strauss, DPT <br> Rothman Institute | Attend physical therapy. <br><br> Christine is here for follow up. She tried to work but it was too much. Currently has 3/10 pain at base of neck and Right anterior shoulder to lateral elbow and posterior |

3241028v1 <br> 804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree
Harvey

5
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | |
|---|---|---|
| | | forearm. |
| 01/16/18 | Michael Gratch, MD<br>Rothman Institute | Christine has pain in her neck into her Right arm, probably the C-7 distribution. She has paresthesia as well. The pain is predominantly in her Right arm.<br><br>Assessments:<br>1. Sprain of ligament of cervical spine region.<br>2. Lumbar sprain.<br>3. Spinal stenosis.<br>4. Herniated disc, cervical.<br><br>Ordered an MRI of cervical spine. We will call Christine after we see the results of the study. Perhaps an epidural injection may be helpful but we'll make a decision based on the MRI results. I told her to continue with formal physical therapy. |
| 01/18/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy.<br><br>Christine is being sent for MRI next week. No change in overall symptoms or complaints. |
| 01/19/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy.<br><br>Christine has continued radicular pain with decreased tolerance to exercise progressions today. |
| 01/19/18 | Michael Gratch, MD<br>Rothman Institute | Disability Form:<br>Christine should remain out of work 1/10/18 – 3/15/18. She needs further testing, imaging, and physical therapy to be completed prior to returning to work. |
| 01/23/18 | Danielle Donofrio, PT<br>Rothman Institute | Attend physical therapy. |
| 01/26/18 | Albert Einstein – Radiology | MRI Cervical Spine w/o contrast –<br>History: Neck pain and bilateral arm pain since MVA in December 2017. |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.


MacElree
Harvey

6
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | |
|---|---|---|
| | | **Impression**:<br>1. Mild reversal of the cervical lordosis with minimal grade 1 anterolisthesis of C3 on C4.<br>2. Multilevel spondylosis, worse at C5-6 with moderate spinal canal stenosis and mild bilateral neural foraminal narrowing. |
| 01/31/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy. |
| 02/01/18 | Mark Strauss, DPT<br>Rothman Institute | **Physical Therapy Follow Up**<br>On exam Christine has bilateral upper trapezius spasm. Cervical distraction caused burning at the base of her neck. Cervical protraction increased neck symptoms. Retraction with extension increased the "weight" in the top of the shoulders.<br><br>**Assessment**:<br>1. Sprain of ligament of cervical spine region.<br><br>Recommend continued physical therapy 2 x a week for 4 weeks to decrease symptoms and improve range of motion, strength, and function. |
| 02/06/18 | Katrina Mullins, PT<br>Rothman Institute | Attend physical therapy.<br><br>Christine continues to have pain/tightness in Right neck. She continues to be challenged with sleeping at night due to soreness/pain waking her up at night and persisting in the morning. |
| 02/13/18 | Danielle Donofrio, PT<br>Rothman Institute | Attend physical therapy. |
| 02/16/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy.<br><br>Christine has continued slow gains in cervical range of motion. Although nerve |

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree
Harvey

7
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

|  |  |  |
|---|---|---|
|  |  | tension has improved, she continues to have cervical and upper extremity positional radicular symptoms and pain. Recommend continued physical therapy to further gains in conjunction with any additional patient treatment plans. |
| 02/20/18 | Michael Gratch, MD<br>Rothman Institute | Christine has tenderness in the shoulder with some paresthesias in her fourth and fifth fingers.<br><br>**Assessment:**<br>1. Sprain of ligament of cervical spine region.<br>2. Herniated disc, cervical.<br>3. Lumbar sprain.<br>4. Spinal stenosis. |
| 02/22/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy. |
| 02/23/18 | Mark Strauss, DPT<br>Rothman Institute | Attend physical therapy. |
| 03/02/18 | Albert Einstein – Radiology | MRI, Right Shoulder –<br>History:<br>Right shoulder pain and limited range of motion status post Motor Vehicle Collision in December 2017.<br>Impression:<br>1. Nondisplaced partial detachment of the posterior labrum. No para labral cyst.<br>2. Mild subscapularis tendinopathy. No rotator cuff tendon tear.<br>3. Scarring and edema of the rotator interval, nonspecific findings which can be seen in the setting of adhesive capsulitis. Clinical correlation is recommended. |
| 03/06/18 | Michael Gratch, MD<br>Rothman Institute | Follow-up Cervical Spine/Right Shoulder<br>Christine should not return to work until evaluated by shoulder surgeon on 3/14/18. |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



8
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| 03/14/18 | John Horneff III, MD<br>Rothman Institute | Evaluation of Right Shoulder<br>Christine is a right-hand-dominant registered who comes into the office today complaining of issues with her Right shoulder. She was rear-ended in a Motor Vehicle Collision on December 18, 2017 and at that time noticed increasing pain around her neck with a burning sensation. She continues to have pain in the Right side of her neck and down through her trapezial region into her shoulder blade. She also gets some burning sensation all the way down into her hand. Christine has a one-year old child at home and it is very difficult for her to pick up and carry her baby. She also has difficulty with overhead activity and feels like her symptoms are getting worse. She has been using Meloxicam and Tramadol for pain control which has given her very minimal relief.<br><br>On exam, all testing in her shoulder was negative. She did have pain in her neck and pain with Spurling's maneuver. She also has limited range of motion secondary to discomfort in her neck.<br><br>Assessments:<br>1. Sprain of ligaments of cervical spine, initial encounter.<br>2. Radiculopathy of cervical region.<br><br>I explained that I do not think there is anything going on with her shoulder that would require any intervention by me. It does seem to be that most of her symptoms are indeed coming from her neck. We will get her signed up with one of our nonoperative spine doctors. |
| 03/14/18 | Yan Gu, MD<br>Rothman Institute | Physiatric Consultation<br>Christine presents for a new outpatient consultation from Dr. Gratch for further evaluation and treatment of neck pain. She |

3241028v1<br>804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.


**MacElree Harvey**

9
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | |
|---|---|---|
| | | reports acute onset of neck pain for 3 months after Motor Vehicle Collision on 12/18/17. The symptoms are preventing or interfering with Christine's activities of daily living, sleep, walking, and standing. She has attended physical therapy with minimal relief.<br><br>_Assessments:_<br>1.  Spondylosis of cervical region without myelopathy or radiculopathy.<br><br>Axial neck pain with occasional radiation. Christine has neck pain with facet tenderness and positive loading test indicates pain from facet joints.<br><br>We discussed treatment options and will proceed with a Right C4-6 medial branch block. |
| 03/26/18 | Yan Gu, MD<br>Rothman Institute | Cervical Epidural Injection<br>Pre-procedure and Post-procedure diagnosis: Cervical facet arthropathy.<br>_Procedures:_<br>1.  Right C4 medial branch block, Right C5 medial branch block, Right C6 medial branch block.<br><br>Follow up in 2 weeks. |
| 04/11/18 | Yan Gu, MD<br>Rothman Institute | Christine underwent Right C4-6 diagnostic cervical medial branch block on 3/26/18 and got 60% pain relief to neck for 2 hours after the injection. Then the pain gradually returned. Christine rates her pain as 10/10 and she has radicular pain down to Right arm and elbow. On palpation of her neck Christine has cervical rigidity with tenderness to facet joint line with positive loading test. Range of motion of neck is limited to pain and stiffness.<br><br>Christine would like to proceed with Right C4-6 medial branch block, confirmatory |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

 MacElree Harvey

10
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

| | | (2nd). |
|---|---|---|
| 04/23/18 | Yan Gu, MD<br>Rothman Institute | Cervical Epidural Injection<br>Pre-procedure and Post-procedure diagnosis: Cervical facet arthropathy.<br>Procedure:<br>1. Confirmatory (2nd), Right C4 medial branch block, Right C5 medial branch block, Right C6 medial branch block.<br><br>Follow up in 2 weeks. |
| 10/05/18 | Albertson Einstein – Dept. of Radiology | MRI, Cervical Spine –<br>Clinical History: Cervical pain.<br>Findings:<br>There is no evidence of fracture or subluxation. There is straightening of the cervical lordosis. The vertebral bodies are normal in height, contour and alignment. There is a minimal intervertebral disc space narrowing at C4-C5, with anterior and posterior endplate osteophyte complex formation. There is uncovertebral hypertrophy at C4-C5. There is moderate facet arthropathy of C7-T1. The prevertebral soft tissues are unremarkable. |
| 10/05/18 | John Handal, MD<br>Einstein Medical Centerab | Consultation<br>Christine presents with chief complaint of neck pain, Right scapular pain and Right C6 type paresthesias radiating down her arm into her hand since a Motor Vehicle Collision in December 2017. She has difficulty lifting with her Right arm. She is Right-hand dominant. Christine has been treated with physical therapy and has had a few injections. Radiofrequency ablation was recommended. Toradol has not helped her but Ativan helps with her sleep. Significant positives on physical exam are Right triceps weakness 4+/5. There is a diminished but intact Right triceps reflex. Cervical x-rays show spondylosis at C5-6.<br><br>Assessment/Plan: |

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



11
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

|  |  | Cervical spinal stenosis.<br><br>We have discussed her symptoms in terms of radicular versus axial pain. She wants to consider a radiofrequency ablation. I have referred Christine to pain management. We have also discussed surgical intervention. |
|---|---|---|

Christine remains symptomatic and has been told by her doctors that it is likely she will need either ablation or cervical disc surgery as long-term treatments for her permanent neck injuries.

Christine is entitled to be fully and fairly compensated for all of her economic and non-economic damages. In terms of lost income, Christine was unable to work at her job as a Labor and Delivery Nurse for 22 weeks resulting in net lost earnings of $23,110.44.

In terms of medical bills, Christine's PIP benefits of $5,000.00 exhausted and a health insurance lien is being asserted in the amount of $129.97.

With regard to future bills, it is reasonably probable that Christine will require ongoing care for her permanent neck injuries. Christine is currently taking medications for her injuries consisting of Motrin 600 for pain, Excedrin for headaches, and Unisom as a sleep aid. In addition, she expects to have future appointments with orthopedic surgeons and is likely to have to undergo ablation and/or other procedures and may even have to have some other more invasive cervical spine surgery in order to treat her herniations. In the event that this matter must be litigated, we will quantify these future medical expenses in a Life Care Plan.

Christine is also entitled to be fully and fairly compensated for all of her non-economic damages including her physical and emotional pain, and the negative impact the accident and injuries have had and continue to have on her life and activities. Christine's husband, Kristopher, is also entitled to be compensated for his loss of consortium in terms of the negative impact that the accident and injuries have had on their marital relationship and the duties that he has had to undertake in order to take care of the children and household given Christine's disability.

For the first four months after the accident Christine was out of work. She had constant nerve pain that started in her neck and would radiate down the front of her right arm and into the back of her right shoulder blade. She had to take Ativan to help her sleep. She was unable to properly care for her one-year old son and had to attend frequent medical and physical therapy appointments. Christine was unable to clean the house, do any significant lifting or drive any farther than ten minutes from her house.

The time that Christine was home was emotionally and physically draining on both Christine and her husband. Kristopher had to alter his work schedule numerous times to help with childcare and household work. It wasn't until Christine had her first nerve block injection, which was about four months after the

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree
Harvey

12
Angela Lizewski
MAPFRE Insurance Company
June 19, 2019

collision, that she was finally able to get some relief.  However, unfortunately, the relief did not last long and she needed another injection.

Unfortunately, Christine continues to experience ongoing pain and disability from her injuries.  The current pain happens in frequent flare-ups especially caused by lifting or other mildly strenuous activity. This results in nerve pain which is life-altering and extremely frustrating to think that she may be dealing with it for the rest of her life.  Christine is constantly icing her neck or having to take breaks..  Although Christine was able to return to work she cannot lift or pull patients.  Instead, she must ask the other nurses to do the lifting or turning of her patients which is awkward and embarrassing.

At home, Christine avoids walking her dogs and has difficulty with exercise.  She continues to rely on the assistance of her husband, Kristopher, concerning strenuous activities with the children and housework that she used to take care of on her own before being injured.  Christine's pain and disability have also negatively impacted her mood and it is often a struggle for her to keep a positive attitude at home and at work.

In our view, the serious injuries that Christine has suffered clearly have a fair settlement value in excess of $115,000.00 and, as such, we demand immediate tender of Underinsured policy limits and believe that good faith requires that tender.

If you believe you need additional information in order to document your file and authorize a tender please let me know.  Otherwise, I look forward to hearing from you at your earliest convenience that policy limits are going to be offered so that we can resolve this matter without extensive litigation.

Sincerely,

Timothy F. Rayne

TFR/sdm
Attachments

3241028v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

# EXHIBIT C

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**⊛ MAPFRE | INSURANCE˙**

July 17, 2019

MacElree Harvey
Attention: Timothy Rayne
211 East State St
Kennett Square PA 19348

| | |
|---|---|
| Named Insured: | Kristopher Crossley |
| Claim Number: | 80010817001664 |
| Date of Loss: | 12/18/2017 |
| Claimant: | Christine Crossley |
| Policy Number: | 8001080007435 |
| Policy Period: | 8/4/2017-8/4/2018 |

Dear Attorney Rayne:

We are in receipt of the demand package that you have sent to us regarding Mrs. Crossley. Please note we need to know if the she had any treatment between April 2018 and October 2018? Also did she follow up with the pain management as prescribed on October 5, 2018?

We currently have $11,366.70 in medical bills, is this the amount that you have?

Finally please submit something from Mrs. Crossley's employer showing the dates and her salary on company letter head and the photos and appraisal of the damage to the 2006 Jeep Grand Cherokee that she was driving at the time of the accident.

Please contact the undersigned with any questions at 1-877-372-9836, ext. 15827.

Sincerely,

MAPFRE INSURANCE COMPANY


Angela Lizewski
Claim Specialist, Casualty

MAIL: 11 Gore Rd, Webster, MA 01570

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT D

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Cheryl A. McCarthy

| | |
|---|---|
| **From:** | claimsmail@mapfreusa.com on behalf of MAPFRE Claim Team <claimsmail@mapfreusa.com> |
| **Sent:** | Thursday, August 1, 2019 8:40 AM |
| **To:** | Stacey D. Miller |
| **Subject:** | [EXTERNAL] RE: Claim No. 80010817001664 [MH-Law.FID1271041] |

***This is an automatic response to your email. Please do not reply.***

Thank you for contacting **MAPFRE** Insurance.
Our mail team has received your correspondence and will deliver it to the assigned adjuster.
Please allow 24 hours for processing.

If your claim can be processed without additional information, we will do so.
If additional information is needed, your claim representative will contact you.

Thank you again.

MAPFRE CLAIM TEAM

*During peak periods, typically weather related events, we are working diligently to respond to inquiries as quickly as the situation allows.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d   | 610-840-0124
f   | 610-444-3270

August 1, 2019

**VIA EMAIL ONLY**
**claimsmail@mapfreusa.com**

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:   **My Client/Insured:**     **Christine Crossley**
        **Claim No.:**              **80010817001664**
        **Policy No.:**             **8001080007435**
        **Date of Loss:**           **12/18/2017**

Dear Ms. Lizewski:

I write in response to your letter of July 17, 2019.  With regard to medical treatment we have provided you with all of the relevant records.  Christine did not have treatment between April and October of 2018 and, is suffering through her injuries on her own at this point.  She takes Motrin for pain and Unisom as a sleep aid.  She has been told that she may need a nerve ablation but she is trying desperately to avoid that procedure.  If this matter must be litigated we will obtain a Life Care Plan with regard to future medications and medical treatment.

You are correct that medical bills to date total just over $11,000.00.

Attached is documentation from Christine's employer with regard to her lost time from work.

Finally, we are in the process of trying to obtain photos and appraisal damage of the property damage.  If we obtain those materials, they will be forwarded.

In our view, you have sufficient information to value the case at policy limits and they should be tendered immediately.

Sincerely,

Timothy F. Rayne

TFR/sdm
Attachments

3102596v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT E

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

## Cheryl A. McCarthy

| | |
|---|---|
| **From:** | claimsmail@mapfreusa.com on behalf of MAPFRE Claim Team <claimsmail@mapfreusa.com> |
| **Sent:** | Monday, August 19, 2019 9:41 AM |
| **To:** | Stacey D. Miller |
| **Subject:** | [EXTERNAL] RE: #80010817001664 [MH-Law.FID1271041] |

\***This is an automatic response to your email. Please do not reply.\***

Thank you for contacting **MAPFRE** Insurance.
Our mail team has received your correspondence and will deliver it to the assigned adjuster.
Please allow 24 hours for processing.

If your claim can be processed without additional information, we will do so.
If additional information is needed, your claim representative will contact you.

Thank you again.

MAPFRE CLAIM TEAM

*During peak periods, typically weather related events, we are working diligently to respond to inquiries as quickly as the situation allows.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d    | 610-840-0124
f    | 610-444-3270

August 19, 2019

**VIA EMAIL ONLY**
claimsmail@mapfreusa.com

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:   My Client/Insured:    **Christine Crossley**
      Claim No.:            **80010817001664**
      Policy No.:           **8001080007435**
      Date of Loss:         **12/18/2017**

Dear Ms. Lizewski:

Attached are the photographs of Christine Crossley's vehicle and the damage report from Nationwide.

Sincerely,

Timothy F. Rayne

TFR/sdm
Attachments

3305522v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT F

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

⊛ **MAPFRE** | **INSURANCE**˙

August 26, 2019

MacElree Harvey
Attention: Timothy Rayne
211 East State St
Kennett Square PA  19348

| | |
|---|---|
| Named Insured: | Kristopher  Crossley |
| Claim Number: | 80010817001664 |
| Date of Loss: | 12/18/2017 |
| Claimant: | Christine Crossley |
| Policy Number: | 8001080007435 |
| Policy Period: | 8/4/2017-8/4/2018 |

**CLAIM STATUS**

Dear Attorney Rayne:

MAPFRE Insurance Company acknowledges receipt of your claim. Your claim status is as follows:

We are reviewing your clients medical records and once the review is complete we will be in contact with you regarding settlement.

Please contact the undersigned with any questions at 1-877-372-9836, ext. 15827.

Sincerely,

MAPFRE INSURANCE COMPANY

Angela Lizewski
Claim Specialist, Casualty

MAIL: 11 Gore Rd, Webster, MA 01570

In accordance with Pennsylvania law, be advised:

**Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and the payment of a fine of up to $15,000.**

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT G

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Cheryl A. McCarthy

| | |
|---|---|
| **From:** | claimsmail@mapfreusa.com on behalf of MAPFRE Claim Team <claimsmail@mapfreusa.com> |
| **Sent:** | Thursday, September 19, 2019 12:10 PM |
| **To:** | Stacey D. Miller |
| **Subject:** | [EXTERNAL] RE: Your Claim #80010817001664 / Your Insured  Christine Crossley [MH-Law.FID1271041] |

**\*\*\*This is an automatic response to your email. Please do not reply.\*\*\***

Thank you for contacting **MAPFRE** Insurance.
Our mail team has received your correspondence and will deliver it to the assigned adjuster.
Please allow 24 hours for processing.

If your claim can be processed without additional information, we will do so.
If additional information is needed, your claim representative will contact you.

Thank you again.

MAPFRE CLAIM TEAM

\*During peak periods, typically weather related events, we are working diligently to respond to inquiries as quickly as the situation allows.

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d   | 610-840-0124
f   | 610-444-3270

September 19, 2019

**VIA EMAIL ONLY**
claimsmail@mapfreusa.com

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:   **My Client/Insured:**   **Christine Crossley**
       **Claim No.:**              **80010817001664**
       **Policy No.:**             **8001080007435**
       **Date of Loss:**           **12/18/2017**

Dear Ms. Lizewski:

Please respond to our Policy Limits Demand at your earliest convenience.

Sincerely,

Timothy F. Rayne

TFR/sdm

3337779v1
804891.10264

05-21-2020 Webster, MA

# EXHIBIT H

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

05-21-2020 Webster, MA

Case # 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents



MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d | 610-840-0124
f | 610-444-3270

October 30, 2019

**VIA EMAIL ONLY**
<u>claimemail@mapfreusa.com</u>

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:    **My Client/Insured:    Christine Crossley**
       **Claim No.:             80010817001664**
       **Policy No.:            8001080007435**
       **Date of Loss:          12/18/2017**

Dear Ms. Lizewski:

I write to provide you with additional information to assist you in your review of our Policy Limits Demand.

Recently, Christine's pain has spiked significantly. She scheduled an appointment with her family doctor, who prescribed Percocet, Flexeril, and steroids. On November 4, Christine is scheduled to see her orthopedic doctor and intends to move forward with the ablation procedure because she can no longer tolerate the level of pain she is experiencing.

We reiterate our Policy Limits Demand and strongly believe that good faith requires immediate tender.

Please let me hear from you at your earliest convenience.

Sincerely,

Timothy F. Rayne

TFR/cmcc

3379725v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT I

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Cheryl A. McCarthy

**From:** MAPFRE Claim Team <claimsmail@mapfreusa.com>
**Sent:** Tuesday, February 11, 2020 3:32 PM
**To:** Cheryl A. McCarthy
**Subject:** [EXTERNAL] RE: Claim No. 80010817001664 – Christine Crossley [MH-Law.FID1271041]

**\*\*\*This is an automatic response to your email. Please do not reply.\*\*\***

Thank you for contacting **MAPFRE** Insurance.
Our mail team has received your correspondence and will deliver it to the assigned adjuster.
Please allow 24 hours for processing.

If your claim can be processed without additional information, we will do so.
If additional information is needed, your claim representative will contact you.

Thank you again.

MAPFRE CLAIM TEAM

\*During peak periods, typically weather related events, we are working diligently to respond to inquiries as quickly as the situation allows.

1

05-21-2020 Webster, MA

Case # 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**MacElree Harvey**

SINCE 1880

INITIATIVE IN PRACTICE℠

MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d | 610-840-0124
f | 610-444-3270

February 11, 2020

**VIA EMAIL and MAIL**
**claimsmail@mapfreusa.com**

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:   My Client/Insured:   **Christine Crossley**
      Claim No.:            **80010817001664**
      Policy No.:           **8001080007435**
      Date of Loss:         **12/18/2017**

Dear Ms. Lizewski:

As you know, this office represents Christine and Christopher Crossley in connection with their Underinsured claim. I sent you a comprehensive Demand package on June 19, 2019 and, since then, have provided additional information to you.

Attached is documentation concerning a follow-up appointment that Christine had with her orthopedic surgeon, John Handal, during which she complained of continuing pain, weakness and disability relating to her cervical radiculopathy. Christine was prescribed Prednisone, and records indicate that she was also using Percocet to manage her pain and symptoms.

Christine deals with pain on a daily basis, which is annoying and interferes with daily life and activities. In addition, Christine also experiences major flare-ups, which are excruciating and debilitating. Her last major flare-up occurred in November 2019 and is documented in the attached medical records.

Since Christine has been dealing with chronic pain and frequent flare-ups for over two years, it appears clear that she will deal with them for the rest of her life expectancy. Christine is young, just 40 years old, and faces many years of continuing pain and potentially expensive medical care.

Christine just recently started exercising again for the first time since the collision. She takes brisk walks around the neighborhood. She is hopeful that she will be able to increase her activity level, but, previously, every time she tried exercising her arm and neck pain would flare up. Any repetitive movement with the right arm causes burning and aching pain in her neck and down her right arm and also into her right scapula. This is the same pain that she has been dealing with ever since the date of the accident. Christine also has to deal with frequent headaches in

05-21-2020 Webster, MA



2
Angela Lizewski – MAPFRE Insurance
February 11, 2020

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the back of her neck on the right side. She has to take Ibuprofen and over-the-counter migraine medication to manage these headaches.

Daily pain and significant flare-ups (which happen a few times per month) have become a part of Christine's life that she has to deal with now.

In our view, policy limits should have been tendered long ago. The responsible driver had just a $15,000 policy with Nationwide and Christine had lost earnings of over $23,000. In addition, Christine has a neck injury with cervical radiculopathy which has become a chronic and permanent injury.

At this time, we demand a policy limits tender be made within two weeks or we will recommend that Christopher and Christine file suit without further notice.

Sincerely,

Timothy F. Rayne

TFR/cmcc
Enclosures

3483420v1
804891.10264

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT J

05-21-2020 Webster, MA

Case# 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Cheryl A. McCarthy

| | |
|---|---|
| **From:** | MAPFRE Claim Team <claimsmail@mapfreusa.com> |
| **Sent:** | Thursday, March 5, 2020 11:13 AM |
| **To:** | Cheryl A. McCarthy |
| **Subject:** | [EXTERNAL] RE: Claim No. 80010817001664 - Christine Crossley [MH-Law.FID1271041] |

**\*\*\*This is an automatic response to your email. Please do not reply.\*\*\***

Thank you for contacting **MAPFRE** Insurance.
Our mail team has received your correspondence and will deliver it to the assigned adjuster.
Please allow 24 hours for processing.

If your claim can be processed without additional information, we will do so.
If additional information is needed, your claim representative will contact you.

Thank you again.

MAPFRE CLAIM TEAM

\*During peak periods, typically weather related events, we are working diligently to respond to inquiries as quickly as the situation allows.

1

05-21-2020 Webster, MA



MacElree Harvey, Ltd.
Attorneys at Law
211 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d   | 610-840-0124
f    | 610-444-3270

March 5, 2020

**VIA EMAIL and MAIL**
**claimsmail@mapfreusa.com**

Angela Lizewski
MAPFRE Insurance Company
11 Gore Road
Webster, MA 01570

Re:    **My Client:**         **Christine Crossley**
        **Your Insured:**    **Kristopher Crossley**
        **Claim No.:**        **80010817001664**
        **Policy No.:**        **8001080007435**
        **Date of Loss:**     **December 18, 2017**

Dear Ms. Lizewski:

I write to confirm that on or about February 28, 2020, you made an oral settlement offer to me of $7,500. We had demanded Policy Limits and provided a comprehensive Demand package on June 19, 2019, and your $7,500 offer on February 28, 2020 was the first offer ever made in the case.

When combined with Nationwide Policy Limits of $15,000, your offer amounts to a total valuation of $22,500, which is less than Christine's lost earnings alone, which exceeded over $23,000.

We consider the actions of MAPFRE in unreasonably delaying its review of this matter and making a shockingly low settlement offer to be in bad faith, and we intend to move forward with both Breach of Contract and Bad Faith claims in the near future.

Our offer to settle for Underinsured Policy Limits of $100,000 is hereby withdrawn.

Sincerely,

Timothy F. Rayne

TFR/cmcc

3513383v1
804891.10264

CENTREVILLE, DE      DOYLESTOWN, PA      KENNETT SQUARE, PA      WEST CHESTER, PA

Case # 2020-06228-0 Docketed at Montgomery County Prothonotary on 05/18/2020 9:50 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

Case# 2020-06228-3 Docketed at Montgomery County Prothonotary on 06/09/2020 8:20 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

CHRISTINE CROSSLEY
KRISTOPHER CROSSLEY
vs.
MAPFRE INSURANCE COMPANY

NO.  2020-06228

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

MAPFRE INSURANCE COMPANY

in the above case.

Date: 06/09/2020

ORIGINAL SIGNATURE  RETAINED BY THE FILING PARTY
Signature

JAMES W LAYNE, ESQ.
Filing Party

94562
ID Number

DAVIS PARRY & TYLER PC
Firm Name

123 SOUTH BROAD STREET, SUITE 2102
Address

PHILADELPHIA, PA 19109

(215) 732-3755
Phone

Case# 2020-06228-3 Docketed at Montgomery County Prothonotary on 06/09/2020 8:20 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DAVIS, PARRY & TYLER, P.C.
By: James W. Layne
Attorney I.D. No. 94562
123 South Broad Street
Suite 2102
Philadelphia, PA 19109-1024
(215) 732-3755                                 **Attorney for Defendant, MAPFRE**
Email: jlayne@dpt-law.com              **Insurance Company**

---

| | | |
|---|---|---|
| CHRISTINE CROSSLEY and | : | COURT OF COMMON PLEAS |
| KRISTOPHER CROSSLEY, h/w | : | MONTGOMERY COUNTY, |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MAPFRE INSURANCE COMPANY | : | No. 2020-06228 |

---

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

      Kindly enter my appearance as counsel for the defendant, MAPFRE Insurance

Company, in the above-captioned matter.


                                 DAVIS, PARRY & TYLER, P.C.


Date: June 9, 2020                          By: /s/ James W. Layne, Esquire
                                          James W. Layne, Esquire
                                          Attorney for Defendant, MAPFRE
                                          Insurance Company

Case# 2020-06228-3 Docketed at Montgomery County Prothonotary on 06/09/2020 8:20 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

I, James W. Layne, Esquire, certify that I caused a copy of the attached Entry of Appearance to be forwarded to the parties listed below by electronic court notification on the date indicated.

Timothy F. Rayne, Esquire
MacElree Harvey, Ltd.
211 East State Street
Kennett Square, PA 19348
Email: trayne@macelree.com
*Attorneys for Plaintiffs*

Date: June 9, 2020

By: */s/ James W. Layne, Esquire*

James W. Layne, Esquire
Attorney for Defendant, MAPFRE
Insurance Company